Cheshire,   ⎱   No. 4122.
July 1, 1952. ⎰

PETITION OF GILBERT ASSOCIATES, INC.

412

*John J. Sheehan,* United States District Attorney and *Robert D. Branch,* Assistant United States District Attorney (*Mr. Branch* orally), for the claimant United States of America.

*Philip H. Faulkner* and *George R. Hanna* (*Mr. Hanna* orally), for the claimant town of Walpole.

DUNCAN, J. The chronology of events affecting the rights of the claimants was as follows: April 1, 1947, town property tax, $612.95; April 1, 1948, town property tax, $690.85; August 6, 1948, notice of tax lien filed by United States of America; August 24, 1948, defendant's property advertised for 1947 property taxes; September 25, 1948, defendant's property sold for 1947 tax; April 1, 1949, town property tax, $383; August 12, 1949, temporary receivers appointed; August 23, 1949, defendant's property advertised for 1948 property tax; September 24, 1949, defendant's property sold for

1948 tax; January 30, 1950, permanent receiver appointed; April 1, 1950, town property tax, $421. The dates of assessment of the annual property taxes do not appear. ·

The town's exception to the decree that the claim of the United States has priority over the claim of the town for the 1949 tax has been expressly waived.

The United States takes the position that the defendant's machinery was personal property, and relies upon the decision in *Flack* v. *Byse Agency, Inc.,* 96 N. H. 335, for the proposition that no lien for taxes attaches to personalty. This argument is sufficiently answered by statute. Machinery is taxable as real estate (R. L., c. 73, s. 8; *Kolodny* v. *Laconia,* 96 N. H. 337) and as such is made subject to a lien "for all taxes thereon." R. L., c. 80, s. 17. If it may be personal property for purposes other than taxation the force of the tax statute is not affected. *Kolodny* v. *Laconia, supra; O'Donnell* v. *Meredith,* 75 N. H. 272; *Hedding &c. Ass'n* v. *Epping,* 88 N. H. 321, 322, 323. The tax becomes due on April 1 (R. L., c. 74, s. 1; c. 75, s. 1; *Saidel* v. *Felsher,* 83 N. H. 582), is required to be assessed before July 1 (R. L., c. 77, s. 9, amended by Laws 1947, c. 221) and is secured by a lien upon the real estate upon which it is assessed continuing "until one year from October first following the assessment." R. L., c. 80, s. 17. It is settled by our decisions that the assessment of a tax is in the nature of a judgment, enforced by a warrant instead of an execution. *Boody* v. *Watson,* 64 N. H. 162, 167; *Jaffrey* v. *Smith,* 76 N. H. 168, 171; *Nottingham* v. *Company,* 84 N. H. 419. See also, *Automatic Sprinkler Corp.* v. *Marston,* 94 N. H. 375. In execution of the warrant real estate and property taxable as such may be sold in foreclosure of the statutory lien. R. L., c. 80, s. 18. The defendant's machinery was properly taxed as real estate, and was subject to the lien in such case provided.

The liens which the United States seeks to enforce arise under the provisions of 26 U. S. C. s. 3670, providing that a tax which the taxpayer neglects or refuses to pay shall be a lien in favor of the United States "upon all property and rights to property . . . belonging to such person." Such lien arises when the assessment list is received by the collector (s. 3671), subject to the qualification that it "shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed" in the office of the Clerk of the United States District Court (s. 3672). It is argued that the town does not come within the class of per-

sons entitled to the benefit of the latter section, while the town asserts that it is protected as a "judgment creditor."

It cannot be doubted that the interpretation of the statute is a question of federal law. *United States* v. *Security Tr. & Sav. Bk.*, 340 U. S. 47. Judgment creditors in order to be protected must have judgments which are secured by liens (*Miller* v. *Bank of America*, 166 F. (2d) 415) and under the statute such liens are entitled to priority only when they attach before notice of the federal lien is filed in compliance with section 3672. The liens of the town for taxes for the years 1947 and 1948 clearly arose before August 6, 1948, the date upon which notice of the liens of the United States was filed with the Clerk of the District Court. In the light of the principle that a tax assessment is in this jurisdiction a judgment no reason is apparent why the town does not qualify as a judgment creditor within the meaning of the federal statute. *Jaffrey* v. *Smith, supra; In re Northwest Wood Products Co.*, 168 F. (2d) 639. The liens of the town, having attached prior to the filing of notice of the federal liens, were not affected by them because of the provisions of section 3672. Moreover, under the provisions of section 3670, liens of the United States arising after the liens of the town would attach only to the interest of the defendant in the property as it then stood. After April 1 of any year (or at least after assessment for such year, *Dana* v. *Colby*, 63 N. H. 169), title to the machinery was encumbered by the lien of the town for the tax for such year (R. L., c. 80, s. 17, *supra; Saidel* v. *Felsher, supra*); and the defendant was thereby divested of its rights to the extent of the lien. It does not appear that the liens of the United States arose before the rights of the defendant were thus diminished.

The United States further relies upon 31 U. S. C. s. 191, which provides in part: "Whenever any person indebted to the United States is insolvent . . . the debts due to the United States shall be first satisfied; . . ." This section creates no lien in favor of the United States but affects priority only. *United States* v. *O'Dell*, 160 F. (2d) 304. Although the question has never been determined by the United States Supreme Court, the decisions of that court strongly indicate that the priority established by this section may be overcome by a "fully perfected and specific lien." *Illinois* v. *Campbell*, 329 U. S. 362, 370. See also, *Spokane County* v. *United States*, 279 U. S. 80; *New York* v. *Maclay*, 288 U. S. 290; *United States* v. *Knott*, 298 U. S. 544; *United States* v. *Texas*, 314 U. S.

480; *United States* v. *Waddill Co.,* 323 U. S. 353; *United States* v. *Security Tr. & Sav. Bk., supra.* In *State* v. *Woodroof,* 253 Ala. 620, 630, the rule was stated as follows: "As applied to a . . . claim of a lien for taxes, such lien is specific and effective if the amount of it has been fixed by a proceeding which is binding and conclusive at the date of receivership, and not open for change in any sort of proceeding which might arise thereafter; and that the lien upon the property which was received by the receiver was not dependent upon any contingency, nor subject to selection, shift or change, and nothing remained to be done then or thereafter to make such lien complete, specific or perfect, or to liquidate the debt, and nothing could be done thereafter to discharge the debt or subordinate such lien but full payment of the debt."

The effect of the federal statute depends upon the status of the lien at the time when insolvency occurs. *Massachusetts* v. *United States,* 333 U. S. 611. For purposes of this case that time was August 12, 1949, so far as the record discloses, that being the date upon which temporary receivers were first appointed. As the brief of the United States appears to recognize, in order to overcome the priority established by section 191, a lien must be definite in three respects, as of "the crucial time." (1) The identity of the lien owner, (2) the amount of the lien, and (3) the property to which it attaches must be definitely established. *Illinois* v. *Campbell, supra,* 375.

There can be no question but that the town's lien for the 1947 taxes complied with these requirements. The machinery had been both advertised and sold to the town before insolvency arose. Thus the lien had not only been perfected but foreclosure had been instituted. While advertisement and sale for the 1948 tax did not occur until after August 12, 1949, we are not satisfied that the Trial Court erred in ruling that the lien for that year's taxes was likewise "specific and effective." The amount was no longer subject to change upon abatement or appeal, the time for such action having long previously expired. R. L., c. 77, s. 14. The fact that advertisement and sale had not then taken place, does not establish that the lien was not perfected. Like the foreclosure of a mortgage, the sale for taxes was a method of enforcement rather than perfection of the lien. On August 12, 1949, all that was required to fully perfect the lien had been accomplished and what was thereafter done was in collection of the tax. The amount of the lien and the property to which it attached were then definitely

established. *Cf. United States* v. *Reese,* 131 F. (2d) 466. In the language of *United States* v. *Texas, supra,* 487, the property was specific and constant; the amount secured, both liquidated and certain. In our opinion the exceptions of the United States should be overruled. *State* v. *Woodroof, supra; Regan* v. *Metropolitan Haulage Co.,* 127 N. J. Eq. 487; *In re Berger's Estate,* 94 N. E. (2d) 248; *In re Meyer Estate,* 159 Pa. Super. 296; *Ernst* v. *Guarantee Millwork,* 200 *Wash.* 195; *First Nat'l Bank* v. *Southland Production Co.,* 189 Okla. 9, 14-18.

There remains for consideration the exception of the town to the ruling that expenses of the receivership did not include the 1950 tax, and that the claims of the United States are superior to the claim of the town for the tax for that year. No claim is made by the United States to preference over the expenses of receivership, which are commonly considered to come ahead of taxes. *Petition of N. H. Structural Steel Co.,* 90 N. H. 547; *Kennebec Box Co.* v. *O. S. Richards Corp.,* 5 F. (2d) 951; *In re Holmes Mfg. Co.,* 19 F. (2d) 239; *Hammond* v. *Carthage Sulphite Pulp & Paper Co.,* 34 F. (2d) 155. See *United States* v. *Emory,* 314 U. S. 423, 424. The property tax for 1950, however, was assessed upon assets in the hands of the permanent receiver. In these circumstances it constituted "consideration for governmental benefits enjoyed by this property" while in the possession of the receiver, which the Court might properly order paid. *Bear River Paper & Bag Co.* v. *City of Petoskey,* 241 Fed. 53, 57. See also, *McKenzie* v. *Standard Bleaching Co.,* 109 N. J. Eq. 429, 433, 434. As such it became an "expense of operation" (*Central Vermont R. Co.* v. *Marsch,* 59 F. (2d) 59, 62) and was "the price . . . for protection and security." *Michigan* v. *Michigan Trust Co.,* 286 U. S. 334, 344. Accordingly, the 1950 tax is held to have been an expense of receivership. 2 Tardy's Smith on Receivers (2d *ed.*) *ss.* 678, 679; High on Receivers (4th *ed.*) *s.* 811a; 45 Am. Jur. 320, 324. As such it is entitled to priority over the claims of the United States.

*Exceptions of the United States of America overruled; exception of the town of Walpole sustained.*

All concurred.