In re SNYDER.

No. 66054.

United States District Court
N. D. Ohio, E. D.
April 8, 1953.

898

George H. Moss, Trustee, Cleveland, Ohio, Murray A. Nadler, Youngstown, Ohio, and James Metzenbaum, Cleveland, Ohio, for trustee.

J. H. Leighninger, Youngstown, Ohio, Clyde W. Osborne, Youngstown, Ohio, for bankrupt.

JONES, Chief Judge.

In this proceeding, review is sought of the order of the Referee in Bankruptcy, filed on August 1, 1952, denying discharge of the Bankrupt. Specifications of objections to the Bankrupt's discharge were filed by the Trustee on November 15, 1950. A discharge was denied by reason of specifications I and IV.

Specification I is that the Bankrupt failed to keep or preserve books of account or records from which his financial condition and business transactions might be ascertained, and that he concealed or destroyed his books of account and records.

Insofar as pertinent for purposes of this review, specification IV is that the Bankrupt failed to explain satisfactorily losses of his assets or a deficiency of assets to meet his liabilities.

The specifications of objections are drawn in terms of the Bankruptcy Act, and if established to the satisfaction of the court, furnish legal justification for the denial of a discharge. Section 14, sub. c(2) and (7) of the Bankruptcy Act.

There seems to be no misunderstanding of the law; however, the issues turn on the facts and their force and effectiveness as they may support the findings of the Referee. Unless the Referee's findings are found to be clearly erroneous, the petition to review must be dismissed.

I find the evidence in support of the specifications convincing and that it adequately supports the Referee's findings and

conclusion that a discharge should be denied the Bankrupt.

 Extending the widest liberality to the bankruptcy provisions in question, it seems incredible that not even the simplest records,—not necessarily a complete set of books,—were available from which to ascertain the financial condition of the Bankrupt. In this day and age it is inexcusable for a man engaged in a business of any consequence, and having transactions of the character and extent as it appears this Bankrupt had, not to have kept and maintained records sufficient to ascertain his financial condition. The Bankrupt's failure to keep or preserve books of account or records, even of a simple character, was not justified on the basis of the business done by him over the years, running into the hundreds of thousand dollars, and in later years to over a million dollars. It is not enough, as the Bankrupt's son-in-law testified, that they kept adequate records for their own purposes. The records are for a broader purpose than self-satisfaction. There should be records of the character that would permit the ascertainment of the Bankrupt's financial condition by those who had a right to know what his transactions were and the extent of his financial dealings. One examining all the written data the Bankrupt had certainly would be unable to ascertain with any degree of accuracy what the Bankrupt's real financial condition was at any given time, or what had become of the property or assets known to have come into his possession and control.

 A deficiency in assets fairly may be assumed on the basis of the facts disclosed by the record, and there is no adequate or satisfying explanation of such deficiency.

The auditors reconstructed the total sales of the Bankrupt as best they could from fragmentary records. A discrepancy between the figure reached for total sales and the bank deposits of receipts from customers was found to exist.

The Bankrupt claims that in fact there is no such discrepancy and that it is possible to bring the figures for sales and deposits into balance. He asserts that adjustments should be made in the auditors' figures for sales reflected in missing invoices and credits allowed customers.

There are no records available, however, to adequately support such adjustments. Proof of the financial condition claimed by the Bankrupt rests on his own testimony and his attempted reconstruction of accounts from the proof offered by creditors in support of their claims.

There are facts present which, fairly appraised and summarized, unerringly lead to the conclusions reached by the Referee. He saw and heard the witnesses and was in position best to judge of the weight and credit to which the witnesses were entitled, to determine how and whether the testimony squared with the disclosures of financial transactions and the natural inferences to be drawn therefrom. The Bankrupt's protestation of upright disposition of the assets and money coming into his possession from his business transactions not only is inconsistent with satisfactory explanation, but also is somewhat impaired by his previous business history.

The record of this proceeding discloses facts which support and justify the order of the Referee denying discharge of the Bankrupt. Accordingly, the petition to review will be dismissed.