**In the Matter of Ben GREEN, Bankrupt.**
**No. 36385.**

United States District Court
N. D. Alabama, S. D.
Sept. 30, 1954.

McGowen & McGowen, Birmingham, Ala., for the Trustee.

Chas. A. Guthrie, Birmingham, Ala., and J. Eugene Foster, Montgomery, Ala., for the State Dept. of Industrial Relations.

John D. Hill, U. S. Atty., Birmingham, Ala., for the United States.

LYNNE, Chief Judge.

Here for review on his certificate is an order of Honorable Stephen B. Coleman, Referee in Bankruptcy, dated June 17, 1953, pertaining to the distribution of funds of the bankrupt estate to apply on recorded tax liens in favor of State Department of Industrial Relations of Alabama. Insisting that the referee erred in avoiding its lien for taxes, established by 26 U.S.C.A. § 3670, the United States stands squarely on the position that a trustee in bankruptcy is not a judgment creditor within the meaning of 26 U.S.C.A. § 3672(a). Without attempting either to review or to analyze the opinions of both trial and appellate courts which are in irreconcilable conflict, this court is of the opinion that the United States is right in its contention.

Judicial gloss placed upon the words "judgment creditor" as employed by Congress in Section 3672 conclusively establishes that such words were used "in the usual, conventional sense of a judgment of a court of record". United States v. Gilbert Associates, 345 U.S. 361, at page 364, 73 S.Ct. 701, at page 703, 97 L.Ed. 1071. See concurring opinion of Mr. Justice Jackson in United States v. Security Trust & Savings Bank, 340 U.S. 47, at page 52, 71 S.Ct. 111, at page 114, 95 L.Ed. 53.

Concededly, neither of these cases was dealing with bankruptcy. If the trustee in bankruptcy in the instant proceeding (wherein there is no conventional judgment creditor to whose rights the trustee would succeed by operation of Section 70, sub. e of the Act is endowed with the status of a judgment creditor, it must be because of the provisions of Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, which read as follows:

"The trustee may have the benefit of all defenses available to the bankrupt as against third persons, including statutes of limitation, statutes of frauds, usury, and other personal defenses; and a waiver of any such defense by the bankrupt after bankruptcy shall not bind the trustee. The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

No one may doubt the authority of Congress to constitute a trustee in bankruptcy a judgment creditor with reference to federal tax laws. Clear and appropriate language to that end might have been included in Section 70, sub. c of the Act, but obviously was not. Or, Congress might have added trustees in bankruptcy to the categories of persons described in 26 U.S.C.A. § 3672(a), as against whom the lien created by 26 U.S.C.A. § 3670 is invalid until notice thereof has been filed by the collector as required by law, but it did not. Nor did it include the trustee in bankruptcy in the corresponding section 6323 of the Internal Revenue Code of 1954, 68A Stat. 779, 26 U.S.C.A.

Nothing herein is intended to say that a trustee in bankruptcy does not occupy the fictitious position of judgment creditor in opposing the claims of conditional vendors and other creditors holding improperly filed or unfiled instruments of security. The holding here is circumscribed by the point for review and is confined to the proposition that a bankruptcy trustee is not a "judgment creditor" within the purview of 26 U.S. C.A. § 3672.

Sociological and economic problems of tremendous scope immediately suggest themselves if this position be sound. However, they address themselves to Congress, and to the legislative process is committed the task of deciding whether in many bankruptcy cases all of the assets of the estate are to be distributed to federal and state taxing authorities to the exclusion of practically all other creditors, including wage earners (where real estate is involved).

An order will be entered remanding this cause to the Referee in Bankruptcy for further proceedings herein not inconsistent with this opinion.