**UNITED STATES of America,**
**Appellant,**

v.

**John O. ENGLAND, Trustee in Bankruptcy of the Estate of Bradford Welch, Inc., a Corporation, Bankrupt, Appellee.**

**No. 14467.**

United States Court of Appeals
Ninth Circuit.

Oct. 5, 1955.

H. Brian Holland, Asst. Atty. Gen., Dudley J. Godfrey, Jr., A. F. Prescott, Ellis N. Slack, Morton K. Rothschild, Spe. Assts. to Atty. Gen., Lloyd H. Burke, U. S. Atty., Charles E. Collett, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Stanley M. McLeod, San Francisco, Cal., for appellee.

Before ORR and LEMMON, Circuit Judges, and JAMES M. CARTER, District Judge.

ORR, Circuit Judge.

The question here for solution is the status of a claim of the United States for taxes filed in a bankruptcy proceeding. Bradford Welch, Inc., the taxpayer, was adjudicated a bankrupt on July 23, 1951. John O. England was thereafter appointed Trustee in Bankruptcy.

On April 28, 1952 the Collector of Internal Revenue filed a claim with the Trustee in Bankruptcy for withholding and insurance contributions taxes and interest thereon. An amended claim was filed August 22, 1952, claiming the sum of $2,192.64 in taxes and interest due.

Of this amount the sum of $945.37 was asserted to be secured by liens on the property of Bradford Welch, Inc., by virtue of the provisions of §§ 3670 and 3671 of the Internal Revenue Code of 1939 [1] for the reason that on this amount assessment lists had been received by the Collector and demand duly made prior to the adjudication of bankruptcy. The Trustee objected. The Referee in Bankruptcy allowed the claim in its entirety as a priority claim, but disallowed any part thereof as a secured claim because "the United States never has filed any notice of the aforesaid claimed statutory lien as provided in § 3672 of the Internal Revenue Code." Sec. 3672(a) reads in part: "(a) Invalidity of lien without notice. Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector * * *." 26 U.S.C. § 3672.

On May 25, 1954 the District Court entered an order affirming the order of the referee. It is conceded that no notice was filed by the Collector under the provisions of § 3672(a) of the Revenue Act; hence, the lien of the United States was not valid against any *mortgagee, pledgee, purchaser* or *judgment creditor*. The trustee argues that he comes within the exception because he is a *judgment creditor*, constituted such by § 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, which reads in part, "* * * The trustee * * * shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings * * *." It is conceded by the trustee that prior to the adjudication of bankruptcy the United States held a valid tax lien in the

sum of $945.37 pursuant to the provisions of §§ 3670 and 3671, Internal Revenue Code, on all the property and rights to property of the bankrupt, but he denies that it had a secured claim for the reason that it had failed to file notice. The contention of the trustee that the provisions of § 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, establishes him a *judgment creditor* within the meaning of that term as used in § 3672 of the Revenue Act, has been resolved against him.

The Supreme Court in the case of United States v. Gilbert Associates, 345 U.S. 361, 364, 73 S.Ct. 701, 703, 97 L.Ed. 1071, has defined the term "judgment creditor" as used in said section. In that case the Court said: "Congress used the words 'judgment creditor' in § 3672 in the usual, conventional sense of a judgment of a court of record, since all states have such courts." The Supreme Court in the Gilbert Associates case, supra, cited the concurring opinion of Justice Jackson in United States v. Security Trust & Sav. Bank, 340 U.S. 47, 51–53, 71 S.Ct. 111, 95 L.Ed. 53, wherein he considered the legislative history of § 3672 and reached the conclusion, at page 52 of 340 U.S., at page 114 of 71 S.Ct. that only a judgment creditor in the conventional sense is protected.

In In the Matter of Green, D.C.N.D. Ala., 124 F.Supp. 481 the Court was concerned with the identical question. It concluded that a Trustee in Bankruptcy is not a "judgment creditor" within the meaning of § 3672. See also United States v. Security Trust & Sav. Bank, supra; United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 and In re Taylorcraft Aviation Corp., 6 Cir., 168 F.2d 808. Hence, the term

---

1. Internal Revenue Code of 1939:
  "§ 3670. Property subject to lien. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether

real or personal, belonging to such person." 26 U.S.C., 1952 ed., § 3670.
  "§ 3671. Period of lien. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C., 1952 ed., § 3671.

"judgment creditor" as used in § 3672 having reference only to a creditor holding a judgment obtained by judicial proceedings, the trustee does not come within that definition and, consequently, a valid tax lien in favor of the United States arose pursuant to the provisions of §§ 3670 and 3671, prior to the adjudication of bankruptcy.

The order of the referee and the order of the District Court confirming are reversed insofar as said orders reject the claim of the United States to valid liens for unpaid taxes and interest in the amount of $945.37 and to priority payment under § 67 of the Bankruptcy Act, 11 U.S.C.A. § 107.