**In the Matter of FIDELITY TUBE CORPORATION, Bankrupt.**

**In the Matter of GEM RADIO & TELEVISION CORPORATION, Bankrupt.**

Nos. B504-53, B505-53.

United States District Court
D. New Jersey.

Oct. 30, 1958.

Harrison W. McCawley, Jr., Department of Justice, Washington, D. C. (Chester A. Weidenburner, U. S. Atty., Newark, N. J., Jerome D. Schwitzer, Asst. U. S. Atty., Interlaken, N. J., William J. Hagan, Philadelphia, Pa., Internal Revenue Service, on the brief), argued the cause for the United States.

Allan L. Tumarkin, Newark, N. J. (Saul G. Schulter, East Orange, N. J., on the brief), argued the cause for the Borough of East Newark.

Edward Pesin, Jersey City, N. J. (Will Weiss, Newark, N. J., on the brief), argued the cause for the trustee in bankruptcy of Gem Radio, urging reversal.

James E. Masterson, Newark, N. J., argued the cause for the trustee in bankruptcy of Fidelity Tube, urging affirmance.

MORRILL, District Judge.

Is a trustee in bankruptcy a "judgment creditor" within the purview of

Section 6323(a) of the Internal Revenue Code of 1954?[1]

In each case the Borough of East Newark, with a standing as a priority claimant under § 64, sub. a(4) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(4) and abjuring any claim of lien for the personal property taxes due it, argued that the lien claim of the United States for taxes was invalid and that the Government claim should merely have a priority status under § 64, sub. a(4). This contention was upheld by the referee on the ground that since the Government had not filed notice of its lien claim under 26 U.S.C.A. § 6323,[2] the lien was invalid as against the trustee who was to be treated as a judgment creditor. It is unquestioned that the Government did have a lien under § 6321 when bankruptcy proceedings were instituted.

The referee was in error. A trustee in bankruptcy is not a judgment creditor within the purview of § 6323(a). The Government's claim for taxes should not have been adjudicated to be a priority claim under § 64, sub. a(4) of the Bankruptcy Act and on a parity with the tax claim of the Borough of East Newark. Its lien is valid and is entitled to payment out of available proceeds prior to a distribution to priority claimants. 3 Collier, Bankruptcy, pp. 2054–2056; Miners Sav. Bank of Pittston, Pa. v. Joyce, 3 Cir., 1938, 97 F.2d 973, 978.

The doctrine that a trustee is not a judgment creditor was first enunciated in the Taylorcraft case.[3] In United States v. Sands, 2 Cir., 1949, 174 F.2d 384, this pronouncement was considered as a dictum not to be followed in view of the express provision to the contrary in § 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c.

In 1953, the Gilbert Associates case was decided by the Supreme Court.[4] The New Hampshire court, 97 N.H. 411, 90 A.2d 499 had decided that a town's tax assessments were, under local law, in the nature of a judgment and that therefore the town was, vis-a-vis the United States tax claim, a judgment creditor under § 3672 (26 U.S.C.A. § 6323). In reversing, the Supreme Court held that while New Hampshire was free to give its interpretation as to the nature and effect of a New Hampshire tax proceeding for the purpose of its own internal administration, the meaning of a Federal statute was for the Supreme Court, and that under that statute the local tax proceeding did not result in making the town a judgment creditor within § 3672. The following key language was used: "In this instance, we think Congress used the words 'judgment creditor' in § 3672 in the usual, conventional sense of a judgment of a court of record, since all states have such courts."

In United States v. Scovil, 1955, 348 U.S. 218, 75 S.Ct. 244, 247, 99 L.Ed. 271, the Court ruled similarly as to the "purchaser" exception of § 3672. In holding that a landlord with distress lien under South Carolina law was not a purchaser under § 3672, the Court said: "A purchaser within the meaning of § 3672 usually means one who acquires title for a valuable consideration in the manner of vendor and vendee. Obviously, the landlord was not a purchaser."

The question came before the Second Circuit again in Brust v. Sturr, 2 Cir., 1956, 237 F.2d 135, 136, and the court held that " * * * under the doctrine of United States v. Gilbert Associates.

1. 26 U.S.C.A. § 6323. While the 1939 Code, 26 U.S.C.A. § 3672 is applicable to these cases, the current code will be referred to because the differences between the 1954 and 1939 codes do not affect the question involved.

2. § 6323(a). " * * * the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed * * * "

3. In re Taylorcraft Aviation Corporation, 6 Cir., 1948, 168 F.2d 808.

4. United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 703, 97 L. Ed. 1071.

* * *—a case decided subsequent to our Sands decision—we think a trustee in bankruptcy is not a 'judgment creditor' within the meaning" of § 3672.

To the same effect, see United States v. England, 9 Cir., 1955, 226 F.2d 205; United States v. Hawkins, 9 Cir., 1955, 228 F.2d 517; In the Matter of Green, D.C.N.D.Ala.S.D.1954, 124 F.Supp. 481, and In re Ann Arbor Brewing Co., D.C. E.D.Mich.1951, 110 F.Supp. 111. And see Seligson, Creditors' Rights, 1957 Annual Survey of American Law, pp. 334–336, N.Y.U., 9 Mertens, Law of Federal Income Taxation, § 54.46 (Zimit rev.) and Plumb, Federal Tax Collection and Lien Problems, 13 Tax L.Rev. 247, 488.

Treasury Regulation § 301.6323–1(2) provides that "* * * (b) the term 'judgment creditor' means a person who has obtained a valid judgment in a court of record and of competent jurisdiction for the recovery of specifically designated property or for a certain sum of money * * *" This construction is entitled to some consideration. Fawcus Machine Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L.Ed. 397.

Pending legislation, H.R. 5195, 85th Congress, 1st Sess. (1957) which would in effect protect the trustee both as a judgment creditor and as a purchaser, Plumb, supra, note 572 at page 488, further supports the contention that a trustee in bankruptcy is not a judgment creditor within the purview of § 6323.

▆ A judgment in its usual, conventional sense imports the use of judicial process, Restatement, Judgments §§ 1, 2, 4, 14 and 32 (1942); Restatement, Conflict of Laws § 429 (1934); G. Amsinck & Co. v. Springfield Grocer Co., 8 Cir., 1925, 7 F.2d 855, 858. It involves a claim pressed and resisted (or the opportunity for resistance) by adversaries in a court, a hearing and an adjudication. A successful claimant then becomes a judgment creditor. This is a far cry from one claiming to be a judgment creditor by legislative fiat under § 70, sub. c of the Bankruptcy Act, such "judgment" not being the usual and conventional one.

Seemingly holding that the trustee is a judgment creditor under § 6323 are the Fisher [5] and Sport Coal [6] cases. The Fisher case relied on the Sands case, supra, and was decided prior to the later decision of the Second Circuit in the Brust case, supra, and prior to the Gilbert Associates case, supra. Furthermore, the case also held that whether or not the trustee in bankruptcy was a "purchaser" under § 3672 depended on the meaning given that term by the courts of Massachusetts, contrary to the holding of the Gilbert Associates case, supra. And see Ersa, Inc., v. Dudley, 3 Cir., 1956, 234 F.2d 178.

The Sport Coal case, supra, held that the trustee was a judgment creditor and his status under § 3672 was to be determined under the law of West Virginia. This runs counter to the statement of Justice Jackson in his concurring opinion in the Security Trust case [7] 340 U.S. at page 52, 71 S.Ct. at page 114: "The history of this tax lien statute [26 U.S. C.A. §§ 3670–3672] indicates that only a judgment creditor in the conventional sense is protected." The Justice also concluded that the statute excluded from the provisions of this secret lien "those types of interests which it specifically included in the statute and no others."

The Gargill, Straub and Sayre Village cases are urged by the Borough of East Newark as sufficient authority to classify the trustee as a judgment creditor.

In the Gargill case [8] the question was between a *mortgage* and a subsequently

---

5. In re Fisher Plastics Corporation, D.C. Mass.1950, 89 F.Supp. 446.

6. In re Sport Coal Company, D.C.S.D. West Va.1954, 125 F.Supp. 517.

7. United States v. Security Trust & Sav. Bk., 1950, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53.

8. United States v. Gargill, 1 Cir., 1955, 218 F.2d 556.

recorded tax lien, and the court held that the transaction in question was a conventional mortgage and would be so held uniformly throughout the States. There is nothing in the opinion which waters down the statement in the Gilbert Associates case, supra, that the type of judgment creditor envisioned in 26 U.S. C.A. § 3672 is one who is such in the usual, conventional sense.

The Straub case [9] was decided prior to Gilbert Associates, did not discuss the particular problem here involved, and, as pointed out above, the same court, in United States v. Hawkins, 9 Cir., 1955, 228 F.2d 517, and United States v. England, 9 Cir., 1955, 226 F.2d 205 held contrary to the contention of the Borough of East Newark.

The Sayre Village case [10] involved New Jersey statutes, N.J.S.A. 46:22–1 and 46:16–1 which provided, in part, that unrecorded agreements for the sale of real estate were void against subsequent judgment creditors without notice. The court held that the trustee in bankruptcy was a creditor with a lien under § 70, sub. c of the Bankruptcy Act, that a judgment creditor is a creditor with a lien, that the trustee did not have notice of the unrecorded purchase agreements and that therefore the trustee's lien prevailed against the unrecorded agreements. The relevancy of this case to the question at hand escapes me.

The suggestion, apparently made quite seriously, that this court follow the dissenting rather than the majority opinion in the Gilbert Associates case requires no comment.

The liens of the Government are valid as against the trustee in each case. Both cases are remanded to the referee for further proceedings not inconsistent with this opinion.

9. Sampsell v. Straub, 9 Cir., 1951, 194 F. 2d 228, certiorari denied 343 U.S. 927, 72 S.Ct. 761, 96 L.Ed. 1338.

10. In re Sayre Village Manor, D.C.N.J. 1954, 120 F.Supp. 215.