287 F.2d 489
 61-1 USTC P 9226
 Hattiebelle O. SIMONSON, Trustee in Bankruptcy of the Estate
of Max L. Druxman, Bankrupt, Appellant,
v.
R. C. GRANQUIST, Dirstrict Director of the Internal Revenue
Service, Appellee.
 No. 16878.
 United States Court of Appeals Ninth Circuit.
 Feb. 1, 1961, Rehearing Denied March 13, 1961.
 
 Asher & Cramer, Fred A. Granata, Portland, Or., for appellant.
 Charles K. Rice, Asst. Atty. Gen., Meyer Rothwacks, I. Henry Kutz, Karl Schmeidler, Attys., Dept. of Justice, Washington, D.C., C. E. Luckey, U.S. Atty., Portland, Or., for appellee.
 Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is taken by the trustee of a bankrupt estate from the judgment of the District Court affirming an order of the Referee in Bankruptcy which allowed the United States a lien claim against the bankrupt estate in the sum of $1,442.41 for penalties on unpaid federal taxes.
 
 
 2
 Two questions are presented by this appeal.
 
 
 3
 The first question concerns the significance of the fact that although the lien of the United States arose prior to the filing of a petition in bankruptcy, notice of such lien was not filed until after the filing of the petition in bankruptcy. The trustee contends that under 6223 of the Internal Revenue Code of 1954, 26 U.S.C. 6323, the lien of the United States under these circumstances is invalid.
 
 
 4
 Section 6323 provides that the tax lien of the United States 'shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed' in certain specified public offices.
 
 
 5
 Section 70 of the Bankruptcy Act, 11 U.S.C.A. 110, provides in part:
 
 
 6
 'The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists.'
 
 
 7
 The trustee contends that under 70 he is by operation of law made a judgment creditor of the bankrupt; that under 6323 of the Internal Revenue Code, as a judgment creditor, the lien of the United States is rendered invalid as to him.
 
 
 8
 The Supreme Court has interpreted 6323 as limiting the class of persons who take priority over the unrecorded tax liens of the United States to judgment creditors (or purchasers, mortgagees or pledgees) in the conventional and ordinary sense of the words. United States v. Gilbert Associates, 1953, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071; United States v. Security Trust & Savings Bank, 1950, 340 U.S. 47, 52, 71 S.Ct. 111, 95 L.Ed. 53.
 
 
 9
 The precise question presented by the instant case was presented to this court in United States v. England, 9 Cir., 1955, 226 F.2d 205. We there held that a trustee in bankruptcy could not, in the light of the Supreme Court's construction of the section, claim the status of judgment creditor under 6323. Other courts have reached the same result. In re Fidelity Tube Corporation, 3 Cir., 1960, 278 F.2d 776; Brust v. Sturr, 2 Cir., 1956,237 F.2d 135; see In re Taylorcraft Aviation Corporation, 6 Cir., 1948,168 F.2d 808.
 
 
 10
 We adhere to our ruling in United States v. England and accordingly reject this contention of the trustee.
 
 
 11
 The second question presented by this appeal is whether a claim of the United States for penalties on unpaid taxes, upon which claim a lien arose prior to bankruptcy, is barred by 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. 93:
 
 
 12
 'Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law.'
 
 
 13
 While the courts have divided upon this question, this court has held that 57, sub. j does not apply to secured claims. In re Knox-Powell-Stockton Company, 9 Cir., 1939, 100 F.2d 979. To the same effect are United States v. Mighell, 10 Cir., 1959, 273 F.2d 682; Commonwealth of Kentucky ex rel. Un-employment Compensation Commission v. Farmers Bank, 6 Cir., 1943, 139 F.2d 266. Cases contrary to this court's position are: United States v. Harrington, 4 Cir., 1959, 269 F.2d 719; United States v. Phillips, 5 Cir., 1959, 267 F.2d 374.
 
 
 14
 We adhere to our ruling in Knox-Powell-Stockton and accordingly reject the contention of the trustee that 57, sub. j invalidates the secured claim of the United States in this matter.
 
 
 15
 Affirmed.
 
 
 16
 HAMLEY, Circuit Judge (concurring).
 
 
 17
 Under section 6323(a) of the Internal Revenue Code of 1954, 26 U.S.C. 6323(a), a tax lien of the United States is not valid against a 'judgment creditor' until notice thereof has been filed. The notice of the lien here in question was not filed until after the bankrupt's property came into the possession or control of the bankruptcy court. Thus, if the trustee stands in the position of a judgment creditor within the meaning of section 6323, the lien is not valid as to the trustee.
 
 
 18
 Under section 70(c) of the Bankruptcy Act, 11 U.S.C.A. 110(c), a trustee in bankruptcy is deemed to be vested as of the date particular property comes into the possession or control of the court, with 'all the rights, remedies, and powers of a creditor then holdind a lien thereon by such a creditor actually exists.' lien thereon by such proceedings, whether In my view this statute states as clearly as words can speak that a trustee is to be treated as if he were a judgment creditor, although obviously he is not one.
 
 
 19
 As pointed out in the majority opinion, several courts, including this one, have denied the trustee this section 70(c) status. They have done so because in United States v. Gilbert Associates, 345 U.S. 361, 364, 73 S.Ct. 701, 703, 97 L.Ed. 1071, it was stated that section 3672(a) of the Internal Revenue Code, 56 Stat. 798, 26 U.S.C.A. (1946 ed.) 3672(a), which was similar to section 6323(a) of the Internal Revenue Code of 1954, used the words 'judgment creditor' in 'the usual, conventional sense of a judgment of a court of record, since all states have such courts.'
 
 
 20
 This statement was made in Gilbert Associates in rejecting a contention that a New Hampshire statute which declared a tax assessment to be in the nature of a judgment had the effect of giving city tax liens judgment creditor status under the then section 3672(a). The Supreme Court thus denied to the states and local governments the right to appropriate to themselves by statutory fiat a defense against United States liens which the United States originally intended to be applicable only with respect to ordinary judgment creditors.
 
 
 21
 But the Supreme Court did not say, and had no reason to say, that Congress could not make available to trustees in bankruptcy a defense which it originally made availabel only to judgment creditors. The defense having been created by act of Congress, the same legislative body was free to extend its benefits however it pleased. I am thus in full agreement with the very exhaustive dissenting opinion of Judge Kalodner, joined in by Judge Hastie, filed in In re Fidelity Tube Corporation, 3 Cir., 278 F.2d 779, petition for writ of certiorari pending.
 
 
 22
 If the question discussed above were now before this court for the first time I would accordingly vote to reverse. Since, however, this court adopted a contrary view in United States v. England, 9 Cir., 226 F.2d 205, and Congress may, if it chooses, overturn that ruling for the future by enacting clarifying legislation, I am content to note the above views by way of a concurring opinion.