## In the Matter of BABCOCK PRINTING PRESS COMPANY, Bankrupt.

### No. 77931.

United States District Court
N. D. Ohio, E. D.
Oct. 26, 1962.

Maurice W. Wendling, Canton, Ohio, for bankrupt.

Johnson, Whitmer & Sayre, Akron, Ohio, Clair E. Whitmer, Akron, Ohio, of counsel, for petitioning creditors.

John K. Lynch, Cleveland, Ohio, for trustee.

Merle M. McCurdy, U. S. Dist. Atty., Dominic J. Cimino, Cleveland, Ohio, of counsel, William O. Allen, Sp. Asst. Regional Counsel for Internal Revenue, Cleveland, Ohio, for claimant.

GREEN, District Judge.

This is a petition for review of a decision of the Referee in Bankruptcy denying a claim of the Director of Internal Revenue, in the amount of approximately $40,000.

The director's claim is based on a transfer from Lake City Malleable, Inc., on or about October 2, 1956, to the bankrupt of the amount of $40,000. While this transaction is a simple one, it is entwined in and beclouded by a series of complex financial transactions involving many corporations admittedly controlled by one Sydney L Albert, and several others which, on the evidence adduced, were not part of the Albert empire.

The director asserts two alternative theories:

1. That the transfer from Lake City to the bankrupt was without consideration and subjects the bankrupt to transferee liability under the 1954 Internal Revenue Code, § 6902(a).

2. That if it be found that the transfer was a valid loan, then the director has a lien upon the moneys due Lake City and is entitled to have the claim allowed as a general claim.

It is stated by counsel for the director that the elements generally considered necessary to impose liability on a transferee of property are:

1. The transfer must be made during or after the period for which the liability in question has accrued;

2. The transferor must have been liable;

3. All reasonable efforts must have been made to collect the tax liability from the taxpayer before the proceeding against the transferee is commenced;

4. There must have been a voluntary transfer of assets hav-

ing value to the transferee from the transferor or from some preceding transferee;

5. This transfer of assets must have left the transferor insolvent; and

6. The proceeding against the transferee must have been begun within the period specified in the statute of limitations applicable thereto.

It is plain that each of the foregoing questions is one of fact.

The referee found against the director and in favor of the trustee on the factual questions embodied in issues four and five.

■ The Court has reviewed the complex record and is unable to reach the conclusion that the referee's findings are clearly erroneous. Consequently, the referee's determination on the director's theory based on transferee liability must be sustained. In re Snyder, 112 F.Supp. 897 (D.C.N.D.Ohio, 1953).

In determining the issue of transferee liability in favor of the trustee, the referee found that the moneys changed hands as a loan. As a result of the loan, Lake City would have a receivable due it from the bankrupt.

The director's alternative theory is that the government has a lien on this receivable, and consequently is entitled to be considered as a general creditor, for purposes of a distribution.

■ Section 6321 of the 1954 Internal Revenue Code provides a legal basis for the lien which the director claims.

"§ 6321. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Such a lien need not be made of record under § 6323 of the Code to be valid against a trustee in bankruptcy. Simonson v. Granquist, 287 F.2d 489 (CA 9, 1961); In re Fidelity Tube Corp., 278 F.2d 776 (CA 3, 1960) cert. den. Borough of East Newark v. United States, 364 U.S. 828, 81 S.Ct. 66, 5 L.Ed.2d 56 (1960); In re Taylorcraft Aviation Corp., 168 F.2d 808 (CA 6, 1948).

In considering the director's alternative theory the referee in finding of fact #17 states as follows:

That the Government's alternative argument, that if the $40,000.00 was a bona fide loan to Lake City Malleable, Inc., then the Government would automatically be entitled to the $40,000.00 because of its income tax lien against Lake City Malleable, Inc. is without merit. There is no proof that the lien was filed against the assets of Lake City Malleable, Inc. and no claim has been filed by Lake City Malleable, Inc., or by the Government acting as lien-holder against Lake City Malleable, Inc.

The referee further stated in his memorandum as follows:

The alternative argument of the Government that it is entitled to have its claim to the $40,000.00 of the bankrupt granted on the theory that it is a general creditor holding a lien against Lake City Malleable, Inc. is unsupported by the facts. There is no proof of a lien against Lake City Malleable, Inc. and there is no proof that Lake City Malleable, Inc. filed a claim against the bankrupt as a lien-holder against Lake City Malleable, Inc. Therefore, this alternative argument of the Government has no validity.

The referee further stated in his memorandum as follows:

" * * * it is not shown that this taxpayer [Lake City] was a creditor of the estate at the time the proceedings in this bankruptcy case was filed."

A review of the record discloses no assertion by anyone that the money which the referee found to have been a loan was ever repaid. The fact that Lake City did not file a claim on its own behalf does not establish the fact that the loan was repaid. The only conclusion which can be drawn consistent with the record is that as of the date of bankruptcy there was a debt due Lake City from the bankrupt. Counsel for the trustee admitted that fact during opening statements before the referee stating that this fact was set forth in the stipulation of the parties. The director would be entitled to collect any moneys due the taxpayer if it had a valid lien. Glass City Bank of Jeannette, Pa. v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L. Ed. 56 (1945), and made a proper claim therefor.

The referee also found that no claim had been filed by the Government as a lienholder. The record discloses that the director filed an original claim on December 14, 1959 and a supplemental claim on or about June 22, 1960. While these claims do not reflect the legal theories presented in this action, they do set forth a general claim on behalf of the Government. It was urged in this Court that these claims are subject to liberal amendment, which rule the Court believes to be correct. Fidelity & Deposit Co. of Maryland v. Fitzgerald, 272 F.2d 121 (CA 10, 1960). The Court is of the opinion that the referee should pass upon this question initially.

The trustee asserts that the Government failed to prove assessment of the tax liability, in order to give rise to its statutory lien. There is some confusion in the record on this issue. In fact, the opening statements are not clear as to whether this issue was to be tried before the referee. It has not been denied that the assessment was made, simply that it was not proved.

In light of the fact that there is some question regarding whether the lien theory was to be the subject of trial and proof, the Court believes that the Government should be given an opportunity to submit proof on the issue.

The cause will be remanded to the referee for further consideration of the government's lien theory in light of this Court's ruling on the questions of filing of notice of the lien and the existence of a debt at the time of bankruptcy. Counsel for the director may present the question of the right of amendment to the referee for his consideration. Further evidence may be taken on the issue of assessment of the tax liability of Lake City Malleable, Inc.

Petition for review is granted. Referee's findings affirmed in part and reversed in part. Cause remanded to the referee for further proceedings.