In the Matter of The KURTZ ROOFING COMPANY, d/b/a Kurtz Supply Company, Bankrupt.

UNITED STATES of America, Appellant,

v.

Ray F. SPEERS, Trustee in Bankruptcy, Appellee.

No. 15405.

United States Court of Appeals
Sixth Circuit.

Aug. 4, 1964.

Karl Schmeidler, Dept. of Justice, Washington, D. C., for appellant, Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., on the brief, Merle M. McCurdy, U. S. Atty., Harland M. Britz, Asst. U. S. Atty., Toledo, Ohio, of counsel.

Robert B. Gosline, Toledo, Ohio, for appellee, Shumaker, Loop & Kendrick, Toledo, Ohio, Frank Buckingham, Buckingham, Holzapfel & Buckingham, Sandusky, Ohio, on the brief.

Before CECIL and O'SULLIVAN, Circuit Judges, and McALLISTER, Senior Circuit Judge.

O'SULLIVAN, Circuit Judge.

Section 6323(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 6323(a), protects a "judgment creditor" against unfiled federal tax liens. This appeal requires us to decide whether Section 70, sub. c of the Bankruptcy Act, 11 U.S.C. § 110, sub. c, confers upon a trustee in bankruptcy the right of a judgment creditor to resist imposition on the bankrupt's assets of a federal tax lien not filed prior to bankruptcy. The referee in bankruptcy and the District Judge held that the trustee had such right, and treated the government on a par with other priority claimants, as provided in Section 64, sub. a of the Bankruptcy Act, 11 U.S.C. § 104, sub. a. We agree with this ruling. Under it, the government will receive 53.48% of $14,149.08, the amount for which it asserts a lien.

The government taxes here involved were assessed against Kurtz Supply Company on June 3, 1960. That company was adjudicated a bankrupt on June 20, 1960. Under Sections 6321 and 6322 of Int.Rev.Code of 1954, 26 U.S.C. §§ 6321, 6322, the asserted federal tax lien was perfected as of the date of assessment and demand, June 3, 1960. Section 6323 (a) of the Code, however, provides that:

> " * * * the lien imposed by section 6321 *shall not be valid* as against any mortgagee, pledgee, purchaser, or *judgment creditor* until notice thereof has been filed by the Secretary or his delegate * * *."
> (Emphasis supplied.)

No such notice was filed in this case prior to bankruptcy.

■ Section 70, sub. c of the Bankruptcy Act, 11 U.S.C. § 110, sub. c, provides in pertinent part:

> "The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vest-

ed as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

The question before us, then, is whether the words "a creditor then holding a lien" upon the bankrupt's assets "by legal * * * proceedings" describe, among others, a judgment creditor. If so, the bankruptcy trustee, under § 70, sub. c, has all the rights of such judgment creditor. A judgment creditor becomes such by *legal proceedings* and obtains a lien on his debtor's assets by the levy of an execution. He then, indeed, is "a creditor * * * holding a lien thereon." We believe that in using the broad language now contained in § 70, sub. c, Congress deliberately avoided precise definition of the various types of lienholders whose status it conferred on the trustee in bankruptcy. Prior to 1950 and 1952 amendments to Section 70, sub. c, a distinction was drawn between property of the bankrupt which came into the possession of the bankruptcy court and that which did not. As to the former, the trustee was deemed vested "with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings" just as he is under the present wording without regard to possession. As to property not coming into possession of the court, however, he was deemed vested "with all the rights, remedies, and powers of a judgment creditor then holding an execution duly returned unsatisfied * * *." To be sure, Congress in these amendments dropped explicit mention of judgment creditors and eliminated, for purposes of the trustee's rights, the distinction between property coming into his possession and that which does not. But "[t]he legislative history indicates that it was the intention of Congress by the 1950 and 1952 amendments to *expand* the rights of a trustee in bankruptcy * * *." In re Fidelity Tube Corp., 278 F.2d 776, 781 (3rd Cir. 1960). (Emphasis supplied.) We are persuaded that Congress intended to strengthen, not weaken, the

trustee's rights against all forms of secret liens and retained the broader language, once used only as to property within the court's possession, so as to include all forms of lienholders, whether by judgment, levy of execution, or otherwise.

A trustee in bankruptcy obviously is not in fact a judgment creditor, but by Congressional Act he is "deemed vested * * * with all the rights, remedies, and powers" of a judgment creditor. One of the "rights, remedies, and powers" of a judgment creditor is the right to resist a government lien for taxes where notice thereof is not filed as required by Section 6323(a). The Bankruptcy Act does not say that the special rights conferred by Section 70, sub. c shall be effective against all liens except those for taxes imposed under Section 6321 of the Revenue Code. We do not understand the government to deny the general propriety of this reading. Instead, it asserts that although "Section 70c may give a trustee in bankruptcy *some of the rights of a judgment creditor*," and accords him "the status of a *hypothetical judgment creditor*," he does not have a judgment creditor's right to resist the lien here involved. (Emphasis supplied.) No convincing reasons of policy are advanced for such an interpretation, which departs from the clear language of the statutes involved. Section 70, sub. c of the Bankruptcy Act and § 6323(a) of the Internal Revenue Code of 1954, indeed, are both successors to statutes adopted to prevent the evils of secret liens, whether asserted by the United States or other creditors of a bankrupt. United States v. Gilbert Associates, Inc., 345 U.S. 361, 363–364, 73 S.Ct. 701, 97 L.Ed. 1071, 1075 (1953); Sampsell v. Straub, 194 F.2d 228, 231 (9th Cir. 1951), cert. denied, 343 U.S. 927, 72 S.Ct. 761, 96 L.Ed. 1338 (1952). Accordingly, we are unable to agree that unrationalized concern for federal revenues should lead us to judicially amend a statute which expressly confers on the trustee not *some*, but *all* of the rights of a creditor holding a lien arising from legal proceedings.

Our view is at odds with majority opinions of the Second, Third and Ninth Circuits which have held for the government on the point here involved. Brust v. Sturr, 237 F.2d 135 (2nd Cir. 1956); In re Fidelity Tube Corp., 278 F.2d 776 (3rd Cir. 1960), cert. denied sub nom. Borough of East Newark v. United States, 364 U.S. 828, 81 S.Ct. 66, 5 L.Ed. 2d 56 (1960); United States v. England, 226 F.2d 205 (9th Cir. 1955); Simonson v. Granquist, 287 F.2d 489 (9th Cir. 1961), reversed on other grounds, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557, (1962). Notwithstanding our respect for the learned judges of the majority in these cases, we find more persuasive the views expressed by the dissenters in Fidelity Tube, 278 F.2d 782–787, and by Judge Hamley in Simonson v. Granquist, 287 F.2d 490–491. We must concede too that our holding here appears to put us also in disagreement with dictum used in our own decision of In re Taylorcraft Aviation Corp., 168 F.2d 808, 810 (6th Cir. 1948). The dictum in that case was really in the nature of an aside observation because Section 70, sub. c of the Bankruptcy Act was not involved at all. Judge Allen, in dealing with the priority in bankruptcy of a mechanic's lien over a federal tax lien, *notice of which had been filed*, took occasion to say, "The trustee was not a judgment creditor * * * and hence § *3672, Title 26, U.S.C., 26 U.S.C.A.Int. Rev.Code, § 3672, (predecessor to § 6323 I.R.C., 1954), has no application*." (Emphasis supplied.) Our present decision does not conflict with Judge Allen's observation that a trustee in bankruptcy is not a judgment creditor since we rule only that Section 70, sub. c, not considered by Judge Allen, gives him the *rights* of a judgment creditor.

The above decisions, with which we disagree, appear to hold that language employed by the United States Supreme Court in United States v. Gilbert Associates, Inc., 345 U.S. 361, 364, 73 S.Ct.

701, 703, 97 L.Ed. 1071, 1075 (1953), requires that we hold for the government. The Gilbert case did not deal with the Section 70, sub. c rights of a trustee in bankruptcy. The opposing claims there involved were based on a federal tax lien and a tax lien assessed by the Town of Walpole, New Hampshire. The Supreme Court of New Hampshire had given priority to the town tax because of its holding that the assessment of a municipal tax "is 'in the nature of a judgment.'" The United States Supreme Court declined as a matter of federal law to accord the municipal or state taxing authority the status of a judgment creditor within the meaning of the lien statute. In so ruling, the Court said " * * * we think Congress used the words 'judgment creditor' in § 3672 in the usual, conventional sense of a judgment of a court of record, since all states have such courts." We do not feel that this language compelled the holdings of the cases with which we disagree and upon which the government here relies. It is our view that Gilbert's holding that a municipal tax creditor is not a "judgment creditor" for purposes of Section 6323(a), regardless of its status under state law, is inapposite to the question now before us. Such view, we believe, is supported by the reasons expounded in Judge Kalodner's dissenting opinion in In re Fidelity Tube Corp., 278 F.2d 785–786. We agree, too, with the statement of Judge Hamley in Simonson v. Granquist, 287 F.2d 491:

> "But the Supreme Court did not say, and had no reason to say, that Congress could not make available to trustees in bankruptcy a defense which it originally made available only to judgment creditors. The defense having been created by Act of Congress, the same legislative body was free to extend its benefits however it pleased."

We think that Judge Hamley spoke correctly in stating, "In my view this statute (§ 70, sub. c) states as clearly as words can speak that a trustee is to be treated *as if* he were a judgment creditor, although obviously he is not one." *Ibid.*

An alternative position taken by the government in its brief to this Court is that even though the notice required by Section 6323(a) was not filed prior to bankruptcy, its lien gained priority over the trustee's title to the bankrupt's assets in February, 1961, at which time, it is claimed, a notice thereof was filed with the proper state authority. Reliance is placed on Section 67, sub. b of the Bankruptcy Act, 11 U.S.C. § 107, sub. b. This contention is first made in the government's brief to this court and was not presented to or considered in the bankruptcy proceedings or on review by the District Judge. The referee's certificate on review recited that "no notice of federal tax liens for internal revenue taxes was at any time filed in the office of the Recorder of Erie County, Ohio, nor the office of the Clerk of Court for this Judicial District." This was not challenged in the District Court. In his brief here, government counsel states "we have examined the record *in this case* and have found that notice of lien was filed with Carl A. Speir, Recorder, Erie County, Ohio, * * * on February 9, 1961. * * *" (Emphasis supplied.) From our own examination of the record *in this case,* we fail to find that such information constituted any part of the record. It is supplied by attaching to the government's brief a certified copy of a notice, obtained from the Recorder of Erie County on July 15, 1963. This date is after the filing of Notice of Appeal on April 17, 1963, and the filing of the record on appeal in this court on May 23, 1963.

■ Aside from our surface impression that there is no merit to this position of appellant, we will not consider a matter that was not before the District Court. In re Frank Fehr Brewing Co., 268 F.2d 170, 183 (6th Cir. 1959), cert. denied, Kremer v. Clarke, 362 U.S. 963, 80 S.Ct. 880, 4 L.Ed.2d 878 (1960).

Judgment affirmed.