Joseph J. SULLIVAN, Petitioner,

v.

UNITED STATES of America, Respondent.

United States District Court
S. D. New York.
Nov. 1, 1961.

Judson A. Parsons, Jr., New York City, for petitioner.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City (Edward R. Cunniffe, Jr., Asst. U. S. Atty., New York City, of counsel), for respondent.

THOMAS F. MURPHY, District Judge.

This is a proceeding by petitioner, a federal prisoner, brought pursuant to 28 U.S.C. § 2255, in which petitioner has served upon the government certain written interrogatories and amended interrogatories with respect to which the government has filed general and specific objections now before the court on the government's motion.

The general objection is, that Rule 33 of the Civil Rules, 28 U.S.C. does not apply to proceedings under 28 U.S.C. § 2255, analogous to habeas corpus proceedings, and that the interrogatories are therefore improper.

Sullivan and three others were convicted of armed bank robbery and conspiracy to commit that crime after trial without a jury, and he was thereafter sentenced to a term of 18 years imprisonment. Subsequently, he brought on this motion attacking the validity of his conviction on the grounds that he was incompetent at the time to stand trial. Such incompetency is based on the allegation that prior to trial he was physically abused by federal agents resulting in a reactivation of head injuries he received in an automobile accident and from an overabundance of medication and tranquillizers received by him while in the Federal House of Detention awaiting trial and in the court house during trial rendering him in effect drugged. He alleges that he does not remember the trial.

Incident to this motion his court appointed counsel served the instant interrogatories assertedly for discovery of facts relating to Sullivan's claim of incompetency. There is no dispute that petitioner had been given extensive medication while in federal custody prior to and during trial, as well as subsequent thereto, and that he had been hospitalized, and that in fact he had suffered a head injury in an automobile accident several years prior to his arrest. The general objection of the government, in effect denying the applicability of the civil discovery rules to proceedings of this nature, turns upon the construction of Rule 81(a) (2) of the Federal Rules, in so many words providing that the Rules of Civil Procedure are not applicable, inter alia, in habeas corpus proceedings (save on appeal) except to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in actions at law or suits in equity.

Insofar as statutory provision for interrogatories in proceedings of this nature is concerned, they are provided for but in a very restricted manner. 28 U.S.C. § 2246 provides: "On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit. If affidavits are admitted any party shall have the right to propound written interrogatories to the

affiants, or to file answering affidavits." Clearly, that statute does not contemplate a right of general discovery by interrogatories in habeas corpus proceedings. Interrogatories are thereby permissible only if affidavits are used for the purpose of proof, and then may be propounded only to the affiant.

The provision for deposition evidence in the first sentence of that statute relates, again, not to discovery depositions (which may be oral or by interrogatories) but to depositions intended to be used as testimonial evidence at a hearing upon the habeas corpus application. The deposition contemplated is that of a specified witness upon an open commission.

▆▆▆▆ A motion under 28 U.S.C. § 2255, while not entirely divorced from the original criminal prosecution, is nevertheless considered an independent action brought by the federal prisoner in the court that entered the judgment of conviction against him, to inquire into the validity of the conviction. United States v. Hayman, 342 U.S. 205, 221 note 36, 72 S.Ct. 263, 96 L.Ed. 232; cf. United States v. Morgan, 346 U.S. 502, 505 note 4, 74 S.Ct. 247, 98 L.Ed. 248. It is a special post conviction procedure provided to meet the practical difficulties that had arisen in the administration of federal habeas corpus jurisdiction. United States v. Hayman, supra.

The motion is available only to prisoners in federal custody and is limited in scope. This remedial legislation, generally, should be liberally construed; but the remedy has been subjected to flagrant abuse, Taylor v. United States, 8 Cir., 1956, 229 F.2d 826, 833, and to our minds, such abuse would be multiplied a hundredfold were the "open sesame" civil discovery rules held applicable thereto.

While cases may be found in which certain of the Rules of Civil Procedure were said to apply to this type proceeding [1] no reported case [2] has been brought to our attention wherein the civil discovery practice, so traditionally alien to criminal procedure, has been held generally applicable to these proceedings which have their roots in criminal cases, and which result, if petitioner succeeds, ordinarily, in a new criminal trial.

Just because some decisions referred to § 2255 as a "civil proceeding" does not prevent further inquiry. To us the loose use of the phrase "civil proceeding" begs the question. It is somewhat similar to Mr. Justice Frankfurter's criticism of the phrase "assumption of risk" in Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 68, 63 S.Ct. 444, 452, 87 L.Ed. 610. To adapt his language to the present context, "The phrase 'civil proceeding' is an excellent illustration of the extent to which uncritical use of words

1. See, e. g., Bowdidge v. Lehman, 6 Cir., 1958, 252 F.2d 366 (Rule 56—summary judgment); Estep v. United States, 5 Cir., 1958, 251 F.2d 579 (Rule 45—subpoenas); Hunter v. Thomas, 10 Cir., 1949, 173 F.2d 810 (Rule 59—new trial or hearing); Smith v. United States, D.C. S.D.Cal.1959, 174 F.Supp. 828 (Rules 35 and 17(c)—the court ordered a mental examination of the prisoner in order to determine if a guardian ad litem need be appointed). See also, Martin v. United States, 10 Cir., 1960, 273 F.2d 775 (requiring payment of civil docketing fees).

2. Judge Bryan, of this court, granted a habeas corpus petitioner's motion for discovery of certain specified records under Rule 34 in United States ex rel. Smith v. Fay, Civ. No. 143-20 (decided June 6, 1959). However, it appears from the minutes of the oral argument of that motion that the respondents had agreed to and did submit the records involved to the court without conceding the right of the court to compel disclosure but with the understanding that if Judge Bryan thought that disclosure should be made in the interests of justice, they would then have no objection. And that was accepted by the petitioner therein.

We, too, granted discovery of certain specified medical records heretofore sought by petitioner herein on a motion pursuant to Rule 34 of the Civil Rules which was virtually consented to by the government, and which we felt justified in ordering, primarily as an exercise of the inherent power of the court, and not because we agreed with the appellation that this is a "civil case" to which the Civil Rules apply.

bedevils the law." If this really was a civil proceeding we would suppose that all of the civil rules would be applicable including the rules encompassing the government's right to take the deposition of an adverse party, and formal pre-trials, and the right to a jury, *ad infinitum.*

In our opinion, interrogatories are available to a prisoner in proceedings of this nature only to the limited extent for which statutory provision is made as indicated and, therefore, we find that the general objection of the government is well taken and should be sustained.

It is so ordered.