In re S. O. SMITH et ux.

v.

J. L. ENOCHS, Director of Internal Revenue.

Civ. A. No. 1782(H).

United States District Court
S. D. Mississippi.

July 31, 1964.

Curtis Breland, Leakesville, Miss., Williams S. Murphy, Lucedale, Miss., for plaintiff.

George R. Smith, Gulfport, Miss., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendants.

COX, Chief Judge.

The plaintiffs have moved for a summary judgment under Civil Rule 56, supported by the pleadings, depositions and affidavits. The focal question thus presented is as to whether or not the plaintiffs are "purchasers" within the protection of § 6323(a), Internal Revenue Code 1954 against the lien of the defendant under § 6321, Internal Revenue Code 1954 against Samuel R. Bradley in the amount of eleven thousand four hundred fifteen dollars forty-three cents "upon all property and rights to property," of Bradley in the property in suit.

On August 20, 1960, Samuel R. Bradley, in consideration of ten dollars cash in hand paid to him by plaintiffs and other good and valuable considerations did "assign, transfer and set over unto" the plaintiffs certain securities of the estimated net value in excess of twenty-five thousand dollars. The conveyance was expressly made subject to "that certain indebtedness owing on all of the above described property by the said Samuel R. Bradley to Hancock Bank, Gulfport, the payment of all of which *is to be assumed* by the said S. O. Smith and wife, Maxine." The said bank then held a note of Samuel R. Bradley and Doris Parker Bradley, dated December 28, 1959, in the principal amount of ten thousand dollars effectually due on demand for lack of due date shown thereon. Presumably, this is the note which was to be assumed by plaintiffs. On January 4, 1961, Samuel R. Bradley and Doris Parker Bradley renewed that note in the amount of seven thousand six hundred eighty-five dollars thirty cents payable in eleven installments. On February 5, 1962, Samuel R. Bradley and Doris Parker Bradley again renewed that obligation in the amount of three thousand six hundred seventy-one dollars twenty-four cents payable in eleven monthly installments of three hundred dollars each and a final installment of three hundred seventy-one dollars twenty-four cents, all secured by a pledge of the property in suit. The plaintiffs paid Bradley in cash ten dollars for that conveyance.

The defendant made its assessment against Bradley for income taxes on April 15, 1960. It filed a notice of the assessment in Jackson County on April 13, 1961, and notified plaintiffs of its lien on the property in suit on April 5, 1961, and on April 27, 1961. It levied on the prop-

erty in suit on March 12, 1963, precipitating this suit involving the question as to whether or not such lien primes such title as the plaintiffs acquired in said property.

Much is said and equally disputed as to a debt of Bradley to his niece which is said to be a part of the consideration for this conveyance. That contention appears to have probably arisen as an afterthought. Mrs. Smith said that she regarded the conveyance as a gift.

Section 6323, Internal Revenue Code 1954, excepts from this lien a "purchaser" without defining that term. It is not clear whether or not a purchaser may be one who simply purchases property for a present nominal and merely legal consideration. It is significant in this connection that in the case of securities such as are involved here that a special exception is created by § 6323(c) (1) where even though a notice of the Government lien were duly filed that still such lien would succumb to the title of a purchaser of such securities "for an adequate and full consideration in money or money's worth" if such purchaser were without actual knowledge of such lien. That subsection is important here only for the consideration mentioned because in this case this conveyance was made long prior to the filing of this lien with the chancery clerk of Jackson County, Mississippi, as authorized by § 893 et seq., Mississippi Code 1942.

In National Refining Company v. United States (8 C.C.A.), 160 F.2d 951, the Court said: "We think it is safe to say that one who, for a valuable present consideration, acquires property or an interest in property is a 'purchaser' within the meaning of 26 U.S.C.A. Int.Rev.Code § 3672. See United States v. Rosebush, D.C., 45 F.Supp. 664, 667." That § 3672 is the same as § 6323 involved here.

■ Since the term purchaser is not defined by the act, we must look to state laws for a definition. Section 702, Mississippi Code 1942 provides: "All words and phrases contained in the statutes are used according to their common and ordinary acceptation and meaning; but technical words and phrases according to their technical meaning." Ordinarily, the word purchaser has two well defined meanings. It may be employed in the broad sense to include anyone who obtains title otherwise than by descent and distribution. In its more commonly used and ordinarily accepted sense it refers to a vendee or buyer who has purchased property for a valuable consideration. Cf.: 73 C.J.S. p. 1257. In Martin v. Russell, 193 Miss. 825, 11 So.2d 434, it is said that one is not a purchaser for value who acquired property on credit and had paid nothing thereon. Cf.: Fowler v. McCartney, 27 Miss. 509, involving a sale of land from a father to the son for five dollars where it was later sold for thirteen hundred dollars.

■ The sweep of a Rule 56 motion is very limited and is not a facility intended to be employed as a calendar-cleaning device at the expense of the possibility of not doing full and complete justice to any litigant by a trial of a case involving a complicated question as here.

■ The plaintiffs certainly owe the Government nothing. It is just as certain that Samuel R. Bradley does owe the Government a very substantial amount in taxes which he has not paid and which he apparently does not intend to pay and apparently cannot be made to pay. That may or may not have been the situation on August 20, 1960. He was probably insolvent at that time and the effect of 31 U.S.C.A. § 191 may need examination. There is absolutely no evidence before the Court on this motion that either of the plaintiffs had any notice or knowledge of the Government's claim when they acquired the title to this property on August 20, 1960. This does not appear to me to be a case under the circumstances for summary judgment. Possibly the case may be referred to the Court on stipulation. If not, the issues should be sharply defined and limited as to number and submitted on stipulation as far as possible, supple-

mented by any material fact which is disputed.

The motion for summary judgment will, therefore, be overruled. An order accordingly may be presented.