**Harry C. KNOWLES, Petitioner,**

**v.**

**Clarence T. GLADDEN, Warden, Oregon State Penitentiary, Respondent.**

**Civ. No. 64–121.**

United States District Court
D. Oregon.

Dec. 10, 1965.

George L. Kirklin, McColloch, Dezendorf & Spears, Portland, Or., for plaintiff.

Peter S. Herman, Asst. Atty. Gen. State of Oregon, Salem, Or., for defendant.

## OPINION

KILKENNY, District Judge:

Petitioner, in this habeas corpus proceeding, moves to quash the respondent's notice to take petitioner's deposition.

 Counsel for petitioner argue that discovery depositions are not permissible under 28 U.S.C. § 2246[1] and Rule 81(a) (2), F.R.Civ.P.[2] Supporting this view is Judge Murphy's opinion in Sullivan v. United States, 198 F.Supp. 624 (S.D.N.Y.1961). Unless compelling reasons would otherwise indicate, having much more than a touch of the Celt in my own veins, I would lean toward the logic of a man named Murphy, be he judge or otherwise. Here, however, I feel that the distinguished jurist was discussing a species of escapist philosophy, rather than sound judicial principles. The judge's thinking is summarized as follows:

> "* * * Clearly, that statute does not contemplate a right of general discovery by interrogatories in habeas corpus proceedings. Interrogatories are thereby permissible only if affidavits are used for the purpose of proof, and then may be propounded only to the affiant.

> "The provision for deposition evidence in the first sentence of that statute relates, again, not to discovery depositions (which may be oral or by interrogatories) but to depositions intended to be used as testimonial evidence at a hearing upon the habeas corpus application. * * *"

Indicative of the weakness of the *Sullivan* opinion, is the fact that § 2246 was not even in existence[3] at the time of the enactment of F.R.Civ.P.[4] Obviously, the framers of Rule 81(a) (2) could not have had that particular section in mind. The taking and use of depositions, insofar as here applicable, is governed by Rules 26 and 30, F.R.Civ.P. These rules have been in full force and effect following enactment in 1938. Since the rules on depositions and the statute relate to the same subject, they should be construed in *pari materia*. United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40 (1940); Great Northern Ry. Co. v. United States, 315 U.S. 262, 62 S.Ct. 529, 86 L.Ed. 836 (1942). The word "deposition," as employed in § 2246 has a well defined technical meaning and it is presumed that the word was used in that sense by the Congress. Barber v. Gonzales, 347 U.S. 637, 74 S.Ct. 822, 98 L.Ed. 1009 (1954). This rule of construction is of particular significance when the word has a well known legal meaning. Reynolds v. C. I. R., 114 F.2d 804 (4th Cir. 1940), reversed on other grounds, 313 U.S. 428, 61 S.Ct. 971, 85 L.Ed. 1438 (1941). The Congress, in enacting § 2246 was presumed to have knowledge of Rules 26 and 30 and to have had such rules in mind when using the word "deposition" in the statute. Federal Power Comm'n v. Tuscarora Indian Nation, 362 U.S. 99, 80 S.Ct. 543, 4 L.Ed.2d 584 (1959), rehearing denied 362 U.S. 956, 80 S.Ct. 858, 4 L.Ed.2d 873 (1960); United States v. Hawkins, 228 F.2d 517, 16 Alaska 36 (9th Cir. 1955).

 When § 2246 is construed in the light of the foregoing rules of construction, it becomes quite clear that Congress had in mind all depositions, whether for

---

1. 28 U.S.C. § 2246.
 "On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit. If affidavits are admitted any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits."

2. Rule 81(a) (2), F.R.Civ.P.
 "In the following proceedings * * * these rules, * * * are not applicable otherwise than on appeal except to the ex-

tent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in actions at law or suits in equity: * * *, habeas corpus, * *."

3. Enacted June 25, 1948.

4. Rules effective September 16, 1938. Rule 81(a) (2), amended December 27, 1946, and December 29, 1948. (Amendments are here of no significance.)

trial or discovery purposes. Rule 30 makes no distinction between a deposition that may be taken for use in a trial and one that may be taken for the purpose of discovery. The rule does make provision for the use of the deposition, irrespective of the purpose of taking. In the last analysis, it can well be said that the Congress, when enacting § 2246, was concerning itself only with procedure at the time of the trial. It was not attempting to establish a pattern for pretrial.

Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941), cited by petitioner, has no application to these facts.

■ The rules of civil procedure are applicable to habeas corpus proceedings. United States ex rel. Seals v. Wiman, 304 F.2d 53 (5th Cir. 1962), cert. denied 372 U.S. 915, 83 S.Ct. 717, 9 L.Ed.2d 722 (1963); 372 U.S. 924 (1963); Chessman v. Teets, 239 F.2d 205 (9th Cir. 1956); State of Montana v. Tomich, 332 F.2d 987 (9th Cir. 1964).

Petitioner's motion to quash the notice of deposition is denied.