**J. L. ENOCHS, District Director of Internal Revenue, Appellant,**

v.

**S. O. SMITH and Maxine Smith, Appellees.**

**No. 22361.**

United States Court of Appeals
Fifth Circuit.

April 13, 1966.

Marco S. Sonnenschein, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, John B. Jones, Jr., Act. Asst. Atty. Gen., Joseph Kovner, Atty., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., Edwin R. Holmes, Jr., Asst. U. S. Atty., of counsel, for appellant.

Curtis Breland, Leakesville, Miss., Wm. S. Murphy, Lucedale, Miss., for appellees.

Before HUTCHESON, GEWIN and THORNBERRY, Circuit Judges.

---

HUTCHESON, Circuit Judge:

The District Director of Internal Revenue asserts a federal tax lien under Int. Rev. Code of 1954 Section 6321 against certain properties now owned by S. O. and Maxine Smith. The Smiths acquired the properties from Maxine's uncle, Samuel R. Bradley, after the District Director had made assessment against Bradley, but before notice of the Government's claim was filed for record. The court below ruled that the Smiths were "purchasers" of the properties, and thus protected from the Government's lien by virtue of Code Section 6323(a). Unable to ascertain error in the court's determination, we approve and affirm its decision.

The facts upon which this controversy arose may be simply stated. On April 15, 1960, Bradley was assessed for income taxes of $11,415.43. However notice of this claim was not filed for record until April 13, 1961. By instrument dated December 29, 1959, and recorded on August 20, 1960, Bradley assigned to the Smiths properties valued in excess of $25,000. As consideration for this assignment the Smiths paid Bradley $10 cash and assumed Bradley's indebtedness to the Hancock Bank of Gulfport, Mississippi, consisting of a demand note in the face amount of $10,000, but previously reduced to between $8,000 and $9,000. The Smiths were unaware of the Government's tax claim at the time of the assignment. At about the time it filed its tax claim, the Government notified the Smiths that it was asserting a lien against the properties assigned to them by Bradley. On March 12, 1963, the Government levied on the properties in question, precipitating this suit by the Smiths to remove the Government's lien.

Based on the pleadings, depositions, and affidavits, the Smiths moved for summary judgment, contending that they were "purchasers" within the protection of Code Section 6323(a). The motion was denied.[1] The case was then submitted to the court upon substantially the same record. The court ruled that the Smiths acquired the properties for a "valid, legal [consideration] * * * sufficient to give full effect and validity to the conveyance"; found that they were "purchasers" within Section 6323(a); and cancelled the Government's claim. The Government seeks reversal of this ruling, arguing that the consideration given by the Smiths was so inadequate as to prevent their being "purchasers" within Section 6323(a).

To assist the Government in its tax collection efforts, federal statutes long have provided for Government liens upon the properties of the delinquent taxpayer. Currently Section 6321, Int.Rev. Code of 1954, states that upon failure or refusal of a taxpayer to pay the taxes assessed against him, the Government shall have a lien on all property belonging to him.[2] Taxes were assessed against Bradley at a time when he owned the properties here in question; upon Bradley's failure to pay the taxes, a lien arose in favor of the Government.

Section 6323(a) protects certain persons from the Government's otherwise all-inclusive lien; it reads "the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed * * *." The Smiths acquired the properties in question from Bradley *prior to* the filing of the Government's lien. Purportedly this acquisition was by way of "purchase". Thus the pivotal question is whether the Smiths are "purchasers", for if they are, plainly the Government's lien is invalid.[3]

---

1. 233 F.Supp. 925 (S.D.Miss.1964).

2. See generally 9 Mertens, Law of Fed. Income Taxation Sections 54.38–.66 (1965) [hereinafter cited as Mertens].

3. Significantly, the predecessor of Section 6323(a) was originally enacted to prevent assertion of a "secret" federal tax lien against a bona fide purchaser without notice of the lien. United States v. Gilbert Associates, 345 U.S. 361, 363–364, 73 S.Ct. 701, 97 L.Ed. 1071 (1953); United States v. Security Trust & Sav. Bank, 340 U.S. 47, 52–53, 71 S.Ct. 111, 95 L.Ed. 53 (1950) (concurring opinion). See Mertens Section 54.45.

█    While Section 6323(a) excepts "purchasers" from the Section 6321 lien, it does not define this term. Speaking to this point, the Supreme Court, in United States v. Scovil, 348 U.S. 218, 221, 75 S.Ct. 244, 247, 99 L.Ed. 271 (1955), declared that "[a] purchaser * * * usually means one who acquires title for a *valuable consideration* in the manner of vendor and vendee." (Emphasis added). Accord, United States v. L. R. Foy Constr. Co., 300 F.2d 207, 210 (10th Cir. 1962); United States v. Hoper, 242 F.2d 468, 470–471 (7th Cir. 1957); Marteney v. United States, 245 F.2d 135, 138 (10th Cir. 1957); United States v. Hawkins, 228 F.2d 517, 519, 16 Alaska 36 (9th Cir. 1955); National Ref. Co. v. United States, 160 F.2d 951, 955 (8th Cir. 1947).[4] Of course determination of who are "purchasers" does not depend upon classification under state law; the meaning of a federal statute is for the federal courts to decide.[5] But the Court's declaration clearly reflects its recognition that the class of persons who take priority over the Government's unrecorded tax lien under Section 6323(a) are those who are "purchasers" in the ordinary sense. United States v. Hawkins, supra. Cf. United States v. R. F. Ball Constr. Co., 355 U.S. 587, 593, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958) (dissenting opinion); United States v. Security Trust & Sav. Bank, 340 U.S. 47, 52, 71 S.Ct. 111, 95 L.Ed. 53 (1950) (concurring opinion).

The district court defined purchaser as "a vendee or buyer who has purchased property for a valuable consideration."[6] Thus the legal standard whereby the court tested the Smiths' status as "purchasers" was in complete accord with that established by the Supreme Court. The court carefully reviewed the facts presented to it. It then found that the consideration given by the Smiths, while small, was not nominal, but rather was a "valuable consideration." This finding was based on the fact that the Smiths not only paid $10 cash to Bradley, but also assumed Bradley's indebtedness to the Hancock Bank, and thereby became personally liable for this obligation.

█    Quite obviously the Smiths got a bargain; indeed the consideration paid could hardly be termed "adequate". But this does not, as apparently the Government contends, prevent the Smiths from being "purchasers" within Section 6323 (a). Section 6323(a) does not require, nor do the decisions construing it, "adequate" consideration to make one a purchaser within its provisions. We see no reason to write into the language of this section something which Congress, although fully capable of doing so,[7] chose to omit. See United States v. Beaver Run Coal Co., 99 F.2d 610, 613 (3d Cir. 1938).

A "purchaser" remains one who acquires property for a valuable consideration. The district court concluded that valuable consideration was in fact given by the Smiths. We cannot say this finding is clearly erroneous. Accordingly we affirm.

Affirmed.

---

4.  Treas.Reg. Section 301.6323–1(a) (2) (i) (a) effectually adopts this construction, defining "purchaser" as "a person who, for a valuable present consideration, acquires property or an interest in property."

5.  Stevan v. Union Trust Co., 115 U.S.App. D.C. 36, 316 F.2d 687, 693 (1963); United States v. L. R. Foy Constr. Co., 300 F.2d 207, 209–210 (10th Cir. 1962); United States v. Hoper, 242 F.2d 468, 470–471 (7th Cir. 1957); United States v. Hawkins, 228 F.2d 517, 519, 16 Alaska 36 (9th Cir. 1955). Cf. United States v. Acri, 348 U.S. 211, 213, 75 S.Ct. 239, 99 L.Ed. 264 (1955); United States v. Scovil, 348 U.S. 218, 220, 75 S.Ct. 244, 99 L.Ed. 271 (1955); United States v. Gilbert Associates, 345 U.S. 361, 363, 73 S.Ct. 701, 97 L.Ed. 1071 (1953); United States v. Security Trust & Sav. Bank, 340 U.S. 47, 49, 71 S.Ct. 111, 95 L.Ed. 53 (1950).

6.  233 F.Supp. at 927.

7.  In Sections 6323(c) and (d), Int.Rev. Code of 1954, Congress specifically included the requirement that a purchaser pay "an adequate and full consideration in money or money's worth." Certainly this demonstrates that had Congress wished to include this requirement in Section 6323(a), it could and would have done so.