The FIRST NATIONAL BANK OF CARTERSVILLE

v.

Lamar B. HILL

v.

UNITED STATES of America.

Civ. A. No. 2422.

United States District Court,
N. D. Georgia,
Rome Division.

Dec. 23, 1975.

Neel & Smith, Frank D. (Tony) Smith, Jr., Cartersville, Ga., for plaintiff.

Gettle, Fraser & Berthold, Donald W. Gettle, Atlanta, Ga., for defendant.

William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., for the United States.

## ORDER

O'KELLEY, District Judge.

This action is before the court on the motion of the United States for partial summary judgment. The issue for determination is whether the federal tax lien has priority over an equitable lien claimed by the First National Bank of Cartersville (hereinafter referred to as "the Bank") as to certain real property. This case arises out of the following factual situation. Lamar B. Hill was president of the Bank from January 1, 1969, until February, 1972, and during this period he embezzled approximately $4,700,-000.00 from the Bank. The United States made assessments for Hill's unpaid tax liabilities plus interest and statutory penalties on these embezzled funds in the amount of $3,621,511.04, and notices of the federal tax liens were duly recorded in the office of the Clerk of Bartow County Superior Court on June 6, 1972, and June 21, 1972. Judgment was entered on June 30, 1975, in favor of the United States against Hill for the unpaid amount of these assessments including interest and statutory additions accrued to date of judgment in the amount of $4,052,842.60, plus interest on that amount from the date of judgment. On June 30, 1975, judgment was also entered in favor of the Bank against Hill in the amount of $4,694,212.59 principal, plus interest of $1,249,770.17 through June 23, 1975, interest from June 24, 1975, to June 30, 1975, at the rate of seven percent per annum, contractual attorneys' fees of $14,270.43, and costs. Of this amount, approximately $4,601,546.33 represented the principal claim of the Bank against Hill for embezzlement.

The property which is the subject of this action is property which was owned by Hill. The Bank claims that to the extent it can trace the embezzled funds to some or all of this property, it has a claim superior to the federal tax lien by virtue of an equitable lien resulting from a constructive trust pursuant to Ga.Code Ann. §§ 108–106 and –107. This order will deal only with the question of who has priority as to the property which the Bank claims by the equitable lien. The Bank makes some reference to other property which is in its possession, custody, or control and to which the Bank claims priority by virtue of a security interest pursuant to a dragnet clause in a note; however, there is not presently sufficient information in the record to rule on that question.

■ The Bank relies essentially on Ga. Code Ann. § 108–106(2), which provides that a trust is implied "[w]here, from any fraud, one person obtains the title to property which rightly belongs to another." This section is implemented by Ga. Code Ann. § 108–107 which provides: "Whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, cannot enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person beneficially entitled, if such person shall not have waived his right by subsequent ratification or long acquiescence." Where funds are embezzled, the victim can trace such funds into the property in which the embezzler invested them and obtain an equitable lien on such property under Georgia law. *United States Fidelity and Guaranty Co. v. Richmond County*, 174 Ga. 599, 163 S.E. 482 (1932). The Bank thus contends that since it has alleged that some or all of the property which is the subject of this suit was purchased with funds which were embezzled from it, the property is

impressed with a constructive trust in its favor. Since the embezzlement and the purchase of the property occurred prior to filing of the tax lien and since the Bank filed a notice of *lis pendens* in connection with its suit to impress a constructive trust on the property prior to the filing of the tax lien, the Bank contends that its equitable lien takes priority over the federal tax lien.

■ The Bank fails to recognize that it is a matter of federal and not state law as to when a lien has acquired sufficient substance and has become so perfected as to defeat a federal tax lien. *United States v. Pioneer American Ins. Co.*, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963); *United States v. Morrison*, 247 F.2d 285 (5th Cir. 1957). For a lien to be sufficiently established to defeat a federal tax lien, the identity of the lienor, the property subject to the lien, and the amount of the lien must be established. *United States v. Pioneer American Ins. Co., supra.* In the case *sub judice*, it is clear that the property subject to the lien is not established, nor was the amount of the lien established at the time of the filing of the federal tax lien. Whether the equitable lien exists in this case is contingent upon the Bank's proof in its suit. Until it establishes that the embezzled funds were used to purchase some or all of the property involved, and until it gets a judgment by a court pursuant to Ga.Code Ann. § 108–107 impressing a lien on such property, its lien is not perfected to the extent required by federal law so that it will defeat a valid federal tax lien. Several analogous cases amplify this situation. In *United States v. Pioneer American Ins. Co.*, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963), the Court dealt with a mortgage which was superior to the federal tax lien. The mortgage provided for reasonable attorney's fees, and under state law the right to attorney's fees was enforceable at the time of default, which was prior to the filing of the federal tax lien, and the suit seeking such attorney's fees was also filed prior to the filing of the federal tax lien. The

Court held that under federal law the claim for attorney's fees was not so perfected as to defeat the federal tax lien because the amount of the attorney's fees was not finally fixed in amount until after the federal tax lien was filed. Accordingly, the Court held that the mortgage was superior to the tax lien as to principal and interest but not as to attorney's fees. In *City of Dallas v. United States*, 369 F.2d 645 (5th Cir. 1966), the Fifth Circuit dealt with a case where the City of Dallas had a city tax lien pursuant to a city ordinance before the filing of the federal tax lien; however, the exact amount of the lien was unknown until after the filing of the federal tax lien. The court held that since the city lien was not certain in amount on the dates the federal liens were perfected, it was inchoate and inferior to the federal lien. In *United States v. Morrison*, 247 F.2d 285 (5th Cir. 1957), the Fifth Circuit had before it a case even more analogous to the present one. In that case a vendor of realty filed a suit to impress certain property with an equitable vendor's lien for the unpaid purchase price and contemporaneously filed a notice of *lis pendens*. According to Texas law, the equitable lien came into being at the time of the conveyance, and this predated the federal tax lien as did the filing of the suit to impress the lien. The Fifth Circuit noted that the lien's standing under Texas law was not enough but that the lien must satisfy federal standards. In discussing the lien, the court stated:

We need not elaborate on the Federal infirmities of this state lien. It is sufficient to point out that insofar as it bears on the competition for tax priorities, the lien, equitable in nature, arises only because equity in good conscience requires it to accomplish right and justice. Whether it exists depends on the equities which, in turn, depend upon facts . . . . As a secret lien it is, or may be, outranked by many liens of innocent purchasers or others. And, to enforce it, the only remedy available is an equitable action for foreclosure in which the debt and the

lien must be established. [Citation omitted.] So, while once established by judgment under the doctrine of relation back, it has a high order in the state hierarchy, until the act of judgment occurs, it is, in the Federal view, as contingent as any other lawsuit.

247 F.2d at 288–89. In the present case, the Bank contends that the United States had notice of its claim since it filed a notice of *lis pendens* at the time it filed its suit. *Morrison* also discussed this question:

Since the Vendor, asserting here his equitable vendor's lien, has neither the status of a "mortgagee, pledgee, purchaser, or judgment creditor," the right of the Government to the tax lien (footnote omitted) under Section 6321 is not affected by the race between the Notice of Tax Lien . . and the Vendor's *lis pendens* for recordation (footnote omitted) under Section 6323, and the question of priority must be determined by other considerations . . . .

Similarly, in the case *sub judice*, until there is a judgment impressing a trust on specific property in favor of the Bank, under the federal test to be applied, the equitable lien is contingent and cannot, therefore, take precedence over the previously filed federal tax lien, and this is so even though the Bank filed its notice of lis pendens.

▮ The Bank also claims that it is a "purchaser" within the meaning of 26 U.S.C. § 6323(h)(6) and that, therefore, the federal tax lien is not valid pursuant to 26 U.S.C. § 6323(a). There is no merit in this contention. The statute deals with purchasers "in the ordinary sense." The Ninth Circuit noted in *United States v. Hawkins*, 228 F.2d 517 (9th Cir. 1955), that "a 'purchaser within the meaning of § 3672 [now § 6323] usually means one who acquires title for a valuable consideration in the manner of vendor and vendee.'" 228 F.2d at 519. The Bank's contention that it is a purchaser due to the constructive trust impressed on the property clearly does not come within the above definition.

The Bank has cited the court one case where it was held that the federal tax lien did not take precedence over funds obtained by fraud and also did not take precedence over the victim's claim to property purchased with those funds. *See Dennis v. United States*, 372 F.Supp. 563 (E.D.Va.1974). While the reasoning and decision in that case is appealing, there were no factual questions left undecided since it was stipulated that the funds and property involved were the property of the victim. The court stated that it would not go behind the stipulations. *Dennis* also did not consider the federal requirement that the claim must be fully perfected and not contingent before the claim could take precedence over a federal tax lien as discussed above.

For the foregoing reasons, the motion of the United States for partial summary judgment is granted. The federal tax lien on all property not in the possession, custody, or control of the Bank takes precedence over the claim of the Bank.

Counsel for the government and the Bank have indicated that the case can be concluded after this ruling. Counsel are directed to present any proposed order to the court in Atlanta at 4:30 .p. m. on January 15, 1976.