PETRO SOURCE PARTNERS, LTD.
and Petro Source Corporation

v.

3–B RATTLESNAKE REFINING
(1990) LTD.

v.

UNITED STATES INTERNAL REVENUE
SERVICE and all Other Creditors of 3–
B Rattlesnake Refining (1990) Ltd., Yet
to be Ascertained.

No. MO–92–CA–156.

United States District Court,
W.D. Texas,
Midland–Odessa Division.

May 10, 1993.

Katherine L. Dodds, JCo Energy Partners, Ltd., Houston, TX, for plaintiffs.

Randy Lee, Richard, Lee, Rowley & Cobb, El Paso, TX, Robert K. Whitt, Midland, TX, Gregg D. Stevens, Dept. of Justice, Dallas, TX, Rodney W. Satterwhite, Stubbeman, McRae, Sealy, et al., Midland, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

BUNTON, Senior District Judge.

BEFORE THIS COURT is Defendant UNITED STATES INTERNAL REVENUE SERVICE's (herein "IRS") Motion for Summary Judgment and supporting brief in the above-captioned cause. Plaintiff PETRO SOURCE PARTNERS (herein "Petro Source") did not oppose the motion. After

due consideration of the Motion, the supporting brief, and the uncontroverted evidence, the Court is of the opinion the Motion should in all aspects be granted.

## PROCEDURAL AND BACKGROUND FACTS

This case is an interpleader action stemming from a contract between Petro Source and 3–B Rattlesnake Refining (herein "3–B") for the purchase of crude oil. Specifically, in July of 1992, Petro Source entered into a contract to purchase approximately 11,800 barrels of crude oil from 3–B, through Sandhills Petroleum (herein "Sandhills"). Sandhills had previously purchased the crude oil from 3–B. Sandhills has disclaimed any interest in the crude oil or the proceeds from the sale between Petro Source and 3–B.

Petro Source, after receiving the oil, discovered that there were Federal tax liens that had attached to the crude oil from 3–B. Petro Source then secured assurances from 3–B the tax liens and any other encumbrances would be released prior to the time payment was due.

However, the tax liens against 3–B were never extinguished. Thus, pursuant to the Internal Revenue Code, state statutes, and the contract, Petro Source withheld payment for the crude oil from 3–B. Thereafter, 3–B brought suit in State Court for breach of contract, conversion, and fraud. Petro Source responded and interpled the above-referenced payments due with the State Court. The United States Department of Justice, on behalf of the IRS, removed only the Interpleader action to this Court while the State District Court retained jurisdiction over 3–B's action against Petro Source.

The IRS filed its Motion for Summary Judgment on March 17, 1993, contending the funds interpled represent proceeds from the crude oil, and the IRS's tax liens attached to those funds. Petro Source did not contest the Motion for Summary Judgment.

## STANDARD ON MOTION FOR SUMMARY JUDGMENT

Summary judgment, "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Hansen v. Continental Ins. Co.*, 940 F.2d 971, 975 (5th Cir.1991); *Hogue v. Royse City*, 939 F.2d 1249, 1252 (5th Cir.1991). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1).

"All facts contained in the pleadings, depositions, admissions, and answers to interrogatories are reviewed by 'drawing all inferences most favorable to the party opposing the motion.'" *James v. Sadler*, 909 F.2d 834, 836 (5th Cir.1990) (quoting *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986)); *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Degan v. Ford Motor Co.*, 869 F.2d 889, 982 (5th Cir.1989). However,

"[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial."

*Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190–91 (5th Cir.1991) (quoting Fed.R.Civ.P. 56(e)).

Accordingly, the focus of this Court is upon disputes over material facts; that is, facts likely to affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987). The Fifth Circuit stated, "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case

to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record evidence before the court." *James,* 909 F.2d at 837; *see Matsushita Elec. Industr. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Boeing Co. v. Shipman,* 411 F.2d 365, 374–375 (5th Cir.1969) (en banc).

The Supreme Court's 1986 trilogy of summary judgment cases clarified the test for summary judgment. In the first case of the trilogy, *Anderson,* the Court stated the trial court must consider the substantive burden of proof imposed on the party making the claim. A plaintiff has the burden with respect to each of his or her claims and a defendant has the burden with respect to his or her defenses and claims for affirmative relief. *Anderson* requires this Court to substantively evaluate the evidence offered by the moving and nonmoving parties. "[T]he requirement is that there be no *genuine* issue of *material* fact." *Id.,* 477 U.S. at 248, 106 S.Ct. at 2510 (emphasis in original). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

In the second case of the trilogy, *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Supreme Court reiterated the requirement that once the party moving for summary judgment has made a prima facie showing there is no genuine issue as to any material fact, the nonmoving party must then come forward with "specific facts" showing a genuine issue for trial. "Its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. at 1356. The burden shifts to the nonmoving party to produce evidence in support of its claims. "The nonmovant can satisfy its burden by tendering depositions, affidavits, and other competent evidence to buttress its claim." *Topalian v. Ehrman,* 954 F.2d 1125, 1132 (5th Cir.1992). The nonmovant cannot establish a fact issue by resting in the mere allegations of the pleadings. "In fact, unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusion of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1216 (5th Cir.1985).

The third case of the trilogy, *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), held when the moving party shows the opposing party is unable to produce the evidence in support of its case, summary judgment is appropriate. The entry of summary judgment is mandated " 'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and upon which that party will bear the burden of proof at trial.' " *Kidd v. Southwest Airlines, Co.,* 891 F.2d 540, 547 (5th Cir.1990) (quoting *Celotex Corp.,* 477 U.S. at 318, 106 S.Ct. at 2549). In *Celotex Corp.,* it was not necessary for the motion for summary judgment to be supported by affidavits or other materials specifically negating the nonmoving party's claim so long as the District Court was satisfied of the absence of evidence to support it.

Nothing in Rule 56(c) "requires that an oral hearing be held on a motion for summary judgment." *McMillian v. City of Rockmart,* 653 F.2d 907, 911 (5th Cir.1981); *see* Fed.R.Civ.P. 78; Local Court Rule CV–7(h). However, this Court has demonstrated its willingness to allow a nonmoving party a day in court in borderline cases where, under the governing law or reasonable extensions of existing law, the hearing of some testimony would be helpful to understanding the proper application of the law. However, such is not the situation in the case at bar.

## UNDISPUTED FACTS

The Court finds the following facts to be clearly established by the Summary Judgment evidence and are not in dispute:

1. On September 16, 1991, December 23, 1991, March 23, 1992, and June 29, 1992, 3–B was assessed Federal excise taxes in the

▆▆▆▆▆▆▆▆▆▆

amount of $2,551,558.40, plus statutory additions. (see IRS exhibit A).

2. On April 22 and 23, 1992, the IRS recorded its Notice of Federal Tax Lien against 3–B, covering the personal and real property records of Ward County, Texas. (see IRS exhibit B).

3. On May 8, 1992, the IRS recorded its Notice of Federal Tax Lien against 3–B in the Office of the Secretary of State, State of Texas. (see IRS exhibit B).

4. On July 7, 1992, Petro Source purchased 11,795.44 barrels of crude oil from 3–B through Sandhills for $219,145.37. These payment funds were not delivered to 3–B. (See para.III of Interpleader petition).

5. Sandhills has disclaimed any interest in the interpled funds. (see Affid. Billy Grimes, IRS exhibit C).

6. Petro Source interplead the funds ($219,145.37) in the State Court action after it became aware of the Federal tax liens against 3–B.

7. On November 10, 1992, the United States, on behalf of the IRS, removed the Interpleader case from State Court to this Court.

### LEGAL ISSUE

The legal issue in this case is whether the IRS tax liens against 3–B attach to the interplead funds, and whether the Federal tax liens have priority. The Court finds that the tax liens attach to these funds and they have priority.

### DISCUSSION

▆▆▆▆ Section 6321 of the Internal Revenue Code provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property, real or personal, belonging to such person. (emphasis added).

26 U.S.C. § 6321 (1986); *See also Aquilino v. United States,* 363 U.S. 509, 510 n. 1, 80 S.Ct.

1277, 1279 n. 1, 4 L.Ed.2d 1365 (1960). Thus, unless the liability is paid within 10 days of the notice of the assessment, this lien automatically attaches as of the date of the assessment. 26 U.S.C. § 6322 (1986); *See also Texas Commerce Bank–Fort Worth, N.A. v. United States,* 896 F.2d 152, 161 (5th Cir. 1990); *Enochs v. Smith,* 359 F.2d 924, 925 (5th Cir.1966). The United States is thereafter deemed a creditor of the taxpayer, for purposes of setting aside subsequent conveyances by the taxpayer, from the date the obligation to pay accrues, regardless of the fact the notice of levy is issued after the original assessment. *Short v. United States,* 395 F.Supp. 1151, 1154 (E.D.Tex.1975). Furthermore, after the lien is assessed it "continues until the taxpayer satisfies the debt, or the statute of limitations runs." *Texas Commerce Bank,* 896 F.2d at 161; 26 U.S.C. § 6322. The evidence in the case at bar indicates 3–B has not paid the liability and the statue of limitations has not run.

▆▆▆▆ The Internal Revenue Code governs the validity and priority of federal tax liens. 26 U.S.C. § 6323 (1986). Once it is established the taxpayer has a legal interest in the property, tax consequences are clearly governed by Federal statutes and case law. *Medaris v. United States,* 884 F.2d 832, 835 (5th Cir.1989). Thus, the Internal Revenue Code also governs how the IRS perfects its federal tax liens. In order for a federal tax lien to be valid, it does not have to be filed, and it is always given priority unless one of the specific exceptions in 26 U.S.C. § 6323 is applicable. The Court finds, and no party has asserted, that the exceptions in 26 U.S.C. § 6323 do not apply in this case. Thus, the IRS's tax lien became valid on the first date it was assessed, or September 16, 1991.

▆▆▆▆ Likewise, the filing of a Notice of Federal Tax Lien does not effect the validity of the lien itself. It merely serves to give notice to the rest of the world that the IRS has a tax lien against the taxpayer. The Notices of Federal Tax Lien in this case were filed in April and May of 1992, and do not affect the validity of the tax liens against 3–B. As discussed, the Federal tax liens were valid at the moment they were as-

sessed. However, a Notice of Tax Liens does affect the priority of the lien as against a claim of a third party against the property of the taxpayer. Where a third party such as an Petro Source also claims an interest in the taxpayer's property, the basic priority rule of "first in time, first in right" controls, unless Congress has created a different priority rule to govern the particular situation. *Texas Commerce Bank,* 896 F.2d at 161 (quoting *Rice Investment Co. v. United States,* 625 F.2d 565, 568 (5th Cir.1980)). No such special priority rule applies in this case. In order for the IRS to perfect its liens, the IRS only has to file a Notice of Federal Tax Lien. The IRS does not have to levy against the property of the taxpayer. The evidence shows the IRS filed its tax liens against 3–B on April 23, 1992 and May 8, 1992, and thus had perfected liens against all of the property of 3–B from those dates. The Federal tax liens were therefore superior to any lien against the property of 3–B filed after May 8, 1992. The evidence indicates no party with a lien dated prior to May 8, 1992, is pursuing the interplead funds. The IRS liens therefore have priority.

■ Having established its superior lien position over 3–B's other creditors, the IRS need only show it is entitled to the funds/payment interplead in this case in order to recover. The law clearly holds:

> The transfer of property subsequent to the attachment of the lien does not affect the lien, for it is the very nature and essence of a lien, that no matter into whose hands the property goes ... (emphasis added).

*United States v. Bess,* 357 U.S. 51, 57, 78 S.Ct. 1054, 1058, 2 L.Ed.2d 1135 (1958); *see also United States v. Bank of Celina,* 721 F.2d 163, 167 (6th Cir.1983); *United States v. Cache Valley Bank,* 866 F.2d 1242, 1245 (10th Cir.1989) (holding the IRS had superior lien over bank in a customer's deposits because IRS lien had attached prior to deposit, and before bank had exercised its right of set-off). The caselaw dictates that IRS tax liens remain attached to a taxpayer's property even when it is transferred to another innocent party. As noted, the tax liens in this case arose as a matter of law when they attached to 3–B's property on September 16,

1991, December 23, 1991, and March 23, 1991. These attachments occurred well before the sale of the crude oil between Petro Source and 3–B on July 7, 1992. Based on the caselaw, the Court finds the IRS tax liens in this case attached to the crude oil, and also extended to the proceeds/payments from the sale of the crude oil. Therefore, because the IRS has established as a matter of law it is entitled to the funds interplead in this case, and there exists no material issues of fact, the Court is of the opinion the IRS's Motion for Summary Judgment should in all respects be granted. Accordingly,

IT IS ORDERED the UNITED STATES INTERNAL REVENUE SERVICE's Motion for Summary Judgment is hereby GRANTED.

IT IS FURTHER ORDERED this cause shall be DISMISSED with prejudice and removed from the Court's docket.

IT IS FINALLY ORDERED all costs are hereby assessed against Petro Source in this cause, pursuant to 28 U.S.C. § 1920.