**MERCANTILE-SAFE DEPOSIT AND TRUST COMPANY, Executor under the Last Will and Testament of George F. Sargent**

v.

**UNITED STATES of America.**

**Civ. No. 15254.**

United States District Court
D. Maryland.

June 1, 1966.

Gordon G. Power and Power & Mosner, Towson, Md., for plaintiff.

Moshe Schuldinger, Atty., Dept. of Justice, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., and David A. Wilson, Jr., Atty., Dept. of Justice, Washington, D. C., and Thomas J. Kenney, U. S. Atty., and Arthur G. Murphy, First Asst. U. S. Atty., Baltimore, Md., on brief), for defendant.

SUPPLEMENTARY OPINION

THOMSEN, Chief Judge.

After the decision of this Court denying the motions for summary judgment filed by plaintiff and defendant respectively, 252 F.Supp. 191, the parties submitted the record, including one additional affidavit, to the Court without a jury for decision on the merits.

1. The Court adheres to the conclusion reached in the earlier opinion, that the will provides sufficiently definite standards limiting the extent of possible invasion for the benefit of non-charitable interests—the widow and the servants—to permit the value of the charitable remainder to be "presently ascertainable" at the time of the testator's death.

2a. The Court finds as a fact that the possibility that an invasion of corpus would be made for the benefit of the widow was so remote as to be negligible.

2b. With respect to the servants, the government now argues that the in-

vasion of corpus for the benefit of the servants, authorized by paragraph (k) of Item Fourth of the will, might have been made during the life of the widow, while the widow was entitled to the benefit of the entire net income. This argument overlooks the introductory paragraph of Item Fourth, which indicates clearly that paragraph (k) and the other provisions of Item Fourth are not to take effect until after the death of the widow. The affidavits and other evidence show the standard of living of the servants and the cost of keeping them or their survivor in a suitable home, if that should become necessary or advisable, and support the finding which the Court made in the earlier opinion, 252 F.Supp. at 199, and now reiterates, that the possibility that it would be necessary to invade principal for their benefit (beyond the amount of the income which is accumulated annually) was so remote as to be negligible.

Judgment will therefore be entered in favor of the plaintiff. Counsel will agree upon the form of the judgment order.