## Commonwealth ex rel. Pollard v. Robinson

*Alan Frank,* for relator.

*Louis Abromso,* for respondents.

McLEAN, J., June 8, 1967.—Relator is presently confined in the Allegheny County Jail indicted on a charge of murder and awaiting trial. On April 28, 1967, he filed an application with this court for a writ of habeas corpus and at the request of his counsel a hearing on the application is scheduled for June 9, 1967. On May 4, 1967, relator, by his counsel, filed interrogatories directed to respondents, which interrogatories were filed for discovery purposes under the Pennsylvania Rules of Civil Procedure relating to discovery. No objections to the interrogatories were filed or served until May 26, 1967, at which time relator had already prepared a motion for sanctions for failure of the district attorney to file answers or objections. The district attorney asserts that civil discovery is not available to relator in a habeas corpus proceedings brought on behalf of an incarcerated prisoner. That is the issue before the court.

In his brief, counsel for relator acknowledges that after exhaustive research he has been unable to find any clear-cut precedent ruling the question and states that the issue is most certainly one of first impression. The desired discovery will be denied relator for a number of reasons, which will be set forth hereinafter, but not necessarily in the order of their weight or importance.

First, other judges of this court have, on previous occasions, summarily refused to permit discovery in this type of case, no written opinions having been filed. In the absence of precedent or specific authority to do otherwise, we are reluctant to enter a contrary ruling.

Next, the rules of civil procedure relating to discovery are by Pa. R. C. P. 4001 (a) made applicable "to any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules". The table of contents to the rules of civil procedure contains a general category entitled "Actions at Law", following which there are groups of rules applicable to each of a number of specific actions at law, such as the action of assumpsit, the action of trespass, the action of divorce, etc. There is no category for habeas corpus. Thus, discovery is not specifically made available on the face of the rules.

"Habeas corpus" is really a generic term for a group of proceedings which may be radically different in type or character. For example, the instant proceeding is available to test whether or not the Commonwealth has a prima facie case justifying the detention of relator. The proceedings do not give the relator an opportunity to present his defense, nor does it require the Commonwealth to present all of the evidence that it has and may use against the relator at the trial of the case on the merits. On the other hand, the habeas corpus proceeding which is available to determine custody of children contemplates that there shall be a full dress hearing on the merits of the controversy, with each side having the opportunity to present its case in full and to have an adjudication on the merits of the controversy. It is true that habeas corpus proceedings of whatever type are generally regarded as "civil proceedings", but it is believed that such a designation is applied for the reason that the proceedings are held in the court of common pleas, rather than in the criminal court.

The rules of civil procedure are applicable to civil actions, as noted above. In the absence of a designation in the rules that they apply to habeas corpus actions, it becomes appropriate to consider the actual nature of a particular habeas corpus proceeding, to determine

whether the rules relating to discovery are available. Inasmuch as habeas corpus proceedings to determine child custody are in substance civil in nature, it has been held that discovery is available to assist in the preparation for trial of such proceedings: Commonwealth ex rel. Darrow v. Darrow, 10 Bucks 33 (1960). However, the instant proceeding is, in substance, a criminal proceeding, rather than civil.

A further reason to deny discovery is that the rules of civil procedure relating to discovery contemplate that there shall be a substantial lapse of time before the controverted issue is brought to trial. For example Pa. R. C. P. 4007 provides, in effect, that discovery may not be commenced until the expiration of 20 days after the institution of suit, except upon leave of court. Next, the rules contemplate that a party shall have a minimum of 20 days within which to answer interrogatories. On the other hand, it is required that habeas corpus proceedings relating to the custody of an incarcerated prisoner shall be tried promptly.

Finally, it may be inferred from the discovery provisions in the Pennsylvania Rules of Criminal Procedure that it is not yet the policy of the Commonwealth of Pennsylvania to make discovery available in criminal cases other than on the narrow basis authorized in rule 310 of the Rules of Criminal Procedure.

Counsel for relator draws our attention to two Federal cases which have considered the question whether pretrial discovery is available in Federal habeas corpus proceedings relating to an incarcerated prisoner. The case could be distinguished on the ground that both arose on post-conviction petitions, but we pass that point. The important distinction between the cases is that both arose under the Federal statute of June 25, 1948, c. 646, 62. Stat. 966, 28 U. S. C. A. §2246, which provides as follows:

"On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discre-

tion of the judge, by affidavit. If affidavits are admitted any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits".

In the earlier case, Sullivan v. United States of America, 198 F. Supp. 624 (1961), it was held that discovery was not available when the prisoner served certain written interrogatories and amended interrogatories on the government.

In the later case, Knowles v. Gladden, 254 F. Supp. 643 (1965), when the government served a notice to take the discovery deposition of the petitioner for a writ of habeas corpus, it was held that the depositions authorized by the statute included both depositions for use at trial and those taken for discovery purposes, the court declining to follow the Sullivan case. There is no such statute in the instant case.

For all of these reasons, relator's motion for sanctions will be denied and respondents' objections to the interrogatories will be sustained.

ORDER

And now, June 8, 1967, following oral argument and consideration of the brief of relator, it is ordered that relator's motion for sanctions is denied and respondents' objections to interrogatories are sustained.